■ PAUL GOLDSTEIN, Appellant, v STARR GOLDSTEIN, Respondent.—In a proceeding pursuant to Family Court Act article 4 to modify the child support provisions of a separation agree-

ment, the petitioner appeals from an order of the Family Court, Westchester County (Kaiser, J.), dated May 15, 1985, which awarded the respondent $3,000 in counsel fees.

Ordered that the order is affirmed, with costs.

The petitioner husband contends that the Family Court erred in directing him to pay the respondent wife $3,000 in counsel fees. We disagree. Whether counsel fees should be awarded is a matter for the discretion of the court *(see,* Domestic Relations Law § 238; *Resslhuber v Resslhuber,* 57 AD2d 552). Viewing the totality of the circumstances, including the petitioner's superior present income, the court properly exercised its discretion in awarding the respondent wife $3,000 in counsel fees. Contrary to the petitioner's contentions, a spouse need not establish indigency as a prerequisite to the recovery of a counsel fee *(see, McCann v Guterl,* 100 AD2d 577), nor does her advancement of a fee to her attorney present an impediment to reimbursement where the court later finds that her spouse should have paid the fee *(see, Ross v Ross,* 90 AD2d 541, 542; *Silver v Silver,* 63 AD2d 1017). Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.