■ In the Matter of BEATRICE GETMAN, Appellant-Respondent, v WILLIAM GETMAN, Respondent-Appellant.—In a support proceeding pursuant to Family Court Act article 4, Beatrice Getman appeals and William Getman cross-appeals, as limited by their respective briefs, from stated portions of an order of the Family Court, Queens County (Gage, J.), dated August 8, 1986, which granted William Getman's objections to an order of the same court (Waltrous, H.E.), dated March 27, 1986, *inter alia,* awarding Beatrice Getman counsel fees in the amount of $9,500, only to the extent of reducing the award to $4,150.

Ordered that the order is modified by deleting the provision thereof awarding the petitioner $4,150 in counsel fees and substituting therefor a provision awarding the petitioner $2,375 in counsel fees; as so modified the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In a proceeding pursuant to Family Court Act article 4, the court in its discretion may award counsel fees (Family Ct Act

§ 438). Relevant factors in making such an award are both parties' ability to pay, the nature and extent of the services rendered and the reasonableness of their performance under the circumstances (see, Sampson v Glazer, 109 AD2d 831, 832). The resources of the party seeking an award of counsel fees is only one of several factors to be considered (see, Goldstein v Goldstein, 123 AD2d 739; Stern v Stern, 67 AD2d 253). At bar, the Family Court properly awarded counsel fees to the petitioner since the respondent has consistently sought to avoid his support obligation thereby necessitating enforcement proceedings. It would be unfair under these circumstances to require the petitioner to deplete her meager resources to pay her counsel fees (see, e.g., Brennen v Brennen, 148 AD2d 487; Cotton v Cotton, 147 AD2d 436; Schussler v Schussler, 109 AD2d 875).

Contrary to the petitioner's contention on appeal, we also find that the Family Court properly excluded from the award of counsel fees the amount attributable to legal services rendered in preparation of the support order sought to be enforced and in pursuing the appeal from that order. Nor may the petitioner recover for legal services rendered in an attempt to obtain an award of counsel fees. Counsel fees may be recovered only if a specific statutory provision or agreement provides therefor (see, Hempstead Gen. Hosp. v Allstate Ins. Co., 106 AD2d 429, affd 64 NY2d 958). Neither an award of counsel fees for services rendered in procuring the original support order nor in obtaining an award of counsel fees is authorized by Family Court Act § 438. Accordingly, we delete that portion of the award which represented compensation for those services (see, Schussler v Schussler, supra). Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.