OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the order of Family Court reinstated.
 

 A separation agreement is a contract subject to the princi
 
 *824
 
 pies of contract construction and interpretation
 
 (Rainbow v Swisher,
 
 72 NY2d 106, 109). Where the contract is clear and unambiguous on its face, the courts must determine the intent of the parties from within the four corners of the instrument
 
 (id.; Nichols v Nichols,
 
 306 NY 490, 496,
 
 reh denied
 
 307 NY 677). The agreement at issue unambiguously created two separate obligations for the husband: the first for $300 per month as child support, and the second for $150 per month to the wife to defray rental costs. Although the agreement provides that child support will terminate when the children reach maturity or emancipation, no similar termination clause was attached to the rent provision. Accordingly, the Family Court order requiring defendant to pay $150 in maintenance, even after all his children reach the age of majority, was correct and should be reinstated.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.