■ In the Matter of BARBARA LEVENSON, Appellant, v LEWIS LEVENSON, Respondent.—In a proceeding pursuant to the Family Court Act article 4, *inter alia,* for upward modification of the child support and maintenance provision of an order of the Family Court, Kings County, dated February 29, 1984, the petitioner appeals, as limited by her brief, from so much of an order of the same court (Greenbaum, J.), dated December 22, 1988, as denied her objections to so much of an order of the same court (Grosvenor, H.E.), dated June 3, 1988, as denied her application (1) to recover sums expended for the parties' son's college education, (2) to require the defendant to pay specified sums for the parties' son's incidental college expenses, and (3) for attorney's fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Family Court correctly concluded that the defendant was not obligated to reimburse the petitioner for moneys expended in connection with the parties' son's college attendance during the spring of 1988. Pursuant to the 1984 stipulation entered into by the parties in open court, they agreed "to consult with each other and the child and agree as to the best choice of college * * * and that when a selection is made the parties will seek to reach agreement between themselves as to the proper choice of college and the child's best interests". Since no such consultation or agreement was had, the respondent's obligation to pay for his son's college tuition and other incidental expenses never arose.

Moreover, contrary to the petitioner's contention, the Family Court did not find that the respondent's obligation to pay his son's college expenses would cease when he reached the age of majority. In fact, it appears that in 1976, the respondent agreed to pay the full cost of his son's college education, provided the decision as to which college he would attend was made after consultation with the respondent, and the 1984 stipulation entered into by the parties did not alter that aspect of the prior agreement.

The Family Court's determination not to award the petitioner counsel fees is supported by the record *(see,* Family Ct Act § 438 [b]), and does not constitute an improvident exercise of its discretion *(see,* Family Ct Act § 438 [a]; *Goldstein v Goldstein,* 123 AD2d 739; *Sampson v Glazer,* 109 AD2d 831).

We have considered the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Kunzeman and Rosenblatt, JJ., concur.