■ BARBARA J. WINSLOW, Appellant, v CALVIN P. WINSLOW, Respondent. [613 NYS2d 216] —In a matrimonial action, in which the parties were divorced in December 1989 the plaintiff appeals from an order of the Supreme Court, Kings County (Rigler, J.), dated August 12, 1992, which granted the defendant's motion to direct that the two infant daughters of the parties attend Polytechnic Preparatory Country Day School for the school year 1992-1993, and to compel the plaintiff pay 90% of the school tuition for the children, and denied the plaintiff's cross motion, *inter alia,* to modify a prior order of the same court, dated June 14, 1990, to grant the plaintiff sole decision-making power over the children's education.

Ordered that the order is affirmed, with costs.

On appeal, the plaintiff wife contends that the court erred in directing her to pay 90% of the children's tuition for the 1992-1993 academic year. We disagree. After a trial on the issue of custody, the court determined, in a prior order dated June 14, 1990, *inter alia,* that: (1) the parties would have joint legal and physical custody of the children, (2) the wife would have final decision-making power concerning the children's extracurricular activities, camp, and medical and dental care, and (3) the husband would have final decision-making power concerning the schooling and education of the children. Despite this establishment of "zones of responsibility" for each parent, the parties were to consult with each other on all issues. Since the plaintiff did not perfect an appeal from that order, she can not challenge the propriety of that order upon the instant appeal. Further, we note that the plaintiff failed to make a sufficient evidentiary showing of a change in circumstances to warrant a hearing on her cross motion to modify that order.

The record amply demonstrates the husband's consistent, yet futile, attempts to consult with the wife regarding the children's schooling. Inasmuch as the husband acted within his authority in selecting a preparatory school for the children, the court did not commit error in directing that the children attend that school and in directing the wife to contribute to the tuition costs *(cf., Matter of Levenson v Levenson,* 166 AD2d 592). Pursuant to a prior agreement

between the parties, the plaintiff is responsible for 90% of the educational expenses of the children. The court did not err in enforcing that provision of the agreement. Rosenblatt, J. P., Ritter, Goldstein and Florio, JJ., concur.