■ In the Matter of ANGELA CITERA, Respondent, v PAUL D'AMICO, Appellant. [676 NYS2d 602] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Dounias, J.), dated June 5, 1997, which denied his objections to (1) an order of the same court (Goglas, H.E.), dated March 25, 1997, directing him to pay nursery school expenses in the sum of $2,350, and (2) an order of the same court (Goglas, H.E.), entered April 28, 1997, directing him to pay the mother's counsel fees in the amount of $1,000.

Ordered that the order is reversed, on the law, without costs or disbursements, the father's objections are sustained, the orders of the Hearing Examiner are vacated, and the matter is remitted to the Family Court, Suffolk County, for a determina-

tion as to the amount of the father's nursery school expense obligation.

The Family Court erred in concluding that the father was obligated to reimburse the mother for 60% of the total amount expended in connection with their children's attendance at nursery school. Pursuant to the 1994 stipulation entered into by the parties, they agreed to "consult and agree with each other as to the * * * nursery school * * * the children will attend" and that "[n]either party shall unreasonably withhold their consent". The evidence elicited at the hearing established that the father implicitly consented to the children's attendance at St. Paul's Nursery School. After five months, however, the mother unilaterally removed the children from the St. Paul school and enrolled them in the United Methodist Nursery School.

Based on these circumstances, the Family Court's determination that the father was obligated to reimburse the wife for 60% of the nursery school expenses incurred in connection with the children's attendance at the St. Paul school was proper. However, since no consultation or agreement was had with respect to the children's attendance at the United Methodist Nursery School, the father's obligation to pay the tuition for that school never arose (see, Leifer v Leifer, 230 AD2d 717; Matter of Levenson v Levenson, 166 AD2d 592). Thus, the court erred in concluding that the father was obligated to reimburse the mother for those expenses. Accordingly, the matter is remitted to the Family Court, Suffolk County, for a determination as to the father's nursery school expense obligation.

Moreover, under the circumstances of this case, the award of counsel fees to the mother was an improvident exercise of the court's discretion (see, Matter of Levenson v Levenson, supra). Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.