■ In the Matter of HADASSAH WEINBERGER, Respondent, v JOSHUA FRANKEL, Appellant. [830 NYS2d 232]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Rockland County (Warren, J.), entered March 31, 2006, as denied his objections to so much of an order of the same court (Kaufman, S.M.), dated December 19, 2005, as, after a hearing, required him to pay his pro rata share of the tuition for the younger child's current school.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In October 2001 the appellant voluntarily entered into a stipulation obligating him to pay his pro rata share of the tuition charged by his younger child's school, the Adolph Schreiber Hebrew Academy of Rockland. The stipulation limited the appellant's payments to the pro rata cost of the younger child's prior school, the Hebrew Academy of Nassau County. The stipulation was subsequently incorporated, but not merged, into an order of the Supreme Court, Kings County (Platt, J.H.O.), dated October 17, 2001. The stipulation made no provision for any decision-making authority on the part of the appellant, or even consultation with him, with respect to the child's educational needs (*cf. Matter of Citera v D'Amico*, 251 AD2d 662, 663 [1998]; *Winslow v Winslow*, 205 AD2d 620 [1994]; *Matter of Levenson v Levenson*, 166 AD2d 592 [1990]). Rather, the stipulation merely obligated him to pay his pro rata share of the educational cost. When the mother exercised her authority as the custodial par-

ent to enroll the child in a different school, the appellant did not challenge the mother's action in a judicial proceeding, but nevertheless refused to pay his share of the tuition.

A stipulation is a contract that must be construed in a manner that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized (*see Fetner v Fetner,* 293 AD2d 645 [2002]). Here, such a construction requires that the stipulation be read as obligating the father to pay his share of the child's tuition without regard to the school the child is attending. Accordingly, the Family Court providently exercised its discretion in denying the father's objections. Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.