(March 22, 2011)

■ THERESA ACKERMANN, Appellant, v WILLIAM ACKERMANN, Respondent. [919 NYS2d 209]—

"A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (*Rosenberger v Rosenberger*, 63 AD3d 898, 899 [2009]; *see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]). The terms thereof "operate as contractual obligations binding on the parties" (*Nelson v Nelson*, 75 AD3d 593, 593 [2010] [internal quotation marks omitted]). "[A] marital settlement is a 'contract subject to principles of contract interpretation [and] a court should interpret the contract in accordance with its plain and ordinary meaning' " (*Rauso v Rauso*, 73 AD3d 888, 889 [2010],

quoting *Herzfeld v Herzfeld*, 50 AD3d 851, 851 [2008]). "Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence" (*Rosenberger v Rosenberger*, 63 AD3d at 899; *see Matter of Meccico v Meccico*, 76 NY2d at 824; *Rauso v Rauso*, 73 AD3d at 889). "An ambiguity exists only where 'the agreement on its face is reasonably susceptible to more than one interpretation' " (*Rosenberger v Rosenberger*, 63 AD3d at 899, quoting *Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]).

Pursuant to the parties' so-ordered stipulation of settlement dated April 28, 2008, which was incorporated but not merged into the judgment, the plaintiff expressly agreed to pay certain debt obligations, as fully set forth therein. The terms of the stipulation of settlement relating to the subject debt obligations are clear and unambiguous and operate as contractual obligations binding on the parties. Accordingly, the Supreme Court properly entered judgment in accordance with those terms of the stipulation of settlement.

The conduct of the plaintiff and her attorney in pursuing the instant appeal appears to be completely without merit in law or fact and it appears that it cannot be supported by a reasonable argument for an extension, modification, or reversal of existing law, or undertaken primarily to delay or prolong the resolution of litigation or to harass or maliciously injure another (*see* 22 NYCRR 130-1.1 [c]; *Tornheim v Blue & White Food Prods. Corp.*, 73 AD3d 749, 750 [2010]; *Palmieri v Thomas*, 29 AD3d 658, 659 [2006]). Accordingly, we direct counsel for the parties to submit affirmations or affidavits on the issue of the imposition of sanctions and/or costs, if any, against the plaintiff and/or her counsel pursuant to 22 NYCRR 130-1.1 (c). Rivera, J.P., Dillon, Angiolillo and Austin, JJ., concur.