■ SUSAN ZUCHOWSKI, Respondent, v MARK ZUCHOWSKI, Appellant. [925 NYS2d 541]—

In a matrimonial action in which the parties were divorced by judgment entered June 17, 2009, which incorporated, but did not merge, the terms of the parties' oral stipulation of settlement placed on the record in open court on February 2, 2009, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Kent, J.), dated April 23, 2010, as, upon reargument, vacated so much of an order of the same court dated January 11, 2010, as granted that branch of his motion which was, in effect, to direct the plaintiff to provide him with quarterly statements relating to a certain college savings plan established for the benefit of the parties' son, and to apply the money in the subject account to the son's college expenses before either party would be required pursuant to the judgment of divorce to contribute to such expenses.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination in the order dated January 11, 2010, granting that branch of the defendant's motion which was, in effect, to direct the plaintiff to provide him with quarterly statements relating to a certain college savings plan established for the benefit of the parties' son, and to apply the money in the subject account to the son's college expenses before either party would be required pursuant to the judgment of divorce to contribute to such payments is adhered to.

On February 2, 2009, in open court, the parties entered into a stipulation of settlement, which was incorporated but did not

merge into the judgment of divorce that was subsequently entered on June 17, 2009. The stipulation of settlement provided, inter alia, that "all joint bank accounts have been split to the mutual satisfaction of the parties and here and forward each party shall keep any bank accounts in their respective names; namely, the wife in her name, the husband in his name." The stipulation also provided that "each party is responsible to pay the 50/50 share of college" for their children, but "the children shall avail themselves of every possible loan, grant or any other moneys offered to them by the college before the parties are respectfully [sic] required to contribute towards the education of the children."

In an order dated January 11, 2010, the Supreme Court, among other things, granted that branch of the defendant former husband's motion which was, in effect, to direct the plaintiff former wife to provide him with quarterly statements relating to a "529 Plan" sponsored by the State of New Hampshire and managed by Fidelity Investments, which the parties had established as a college fund for their son Peter, and to apply the money in the subject account to Peter's college expenses before either party would be required to contribute to such expenses. The former wife moved for leave to reargue, contending that since the 529 Plan was in her name, it was, under the terms of the stipulation of settlement, separate property belonging to her, and thus should be applied to reduce only her share of Peter's college costs. Specifically, the account statements named the former wife as the "participant" and Peter as the "beneficiary," and the record indicates that the participant is considered to be the owner of the account assets until they are withdrawn. In the order appealed from, the Supreme Court granted the former wife's motion and, upon reargument, vacated the portion of its January 11, 2010, order relating to the 529 Plan.

" 'A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation' " (Ackermann v Ackermann, 82 AD3d 1020, 1020 [2011], quoting Rosenberger v Rosenberger, 63 AD3d 898, 899 [2009]). "[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Herzfeld v Herzfeld, 50 AD3d 851, 851 [2008] [internal quotation marks omitted]).

Contrary to the former wife's contention, the stipulation of

settlement cannot reasonably be interpreted as treating the 529 Plan as one of the "bank accounts" that the party named as the account holder was entitled to "keep." While the stipulation of settlement provided that "all joint bank accounts have been split to the mutual satisfaction of the parties," there is nothing in the stipulation to support a finding that the parties intended the monetary assets they were allocating between themselves to include Peter's college fund. Although the former wife was technically the owner of the funds in the 529 Plan, the reason for that account's existence was not to personally benefit either of the parties, but to fund Peter's college education.

Accordingly, upon reargument, the Supreme Court should have adhered to its original determination directing the former wife to provide the former husband with quarterly statements relating to the 529 Plan, and to apply the money in that account to Peter's college expenses before either party would be required to contribute to such expenses. Prudenti, P.J., Angiolillo, Florio and Cohen, JJ., concur.