DALE SOLOMON, Respondent, v JEFFREY LANCE SOLOMON, Appellant. [926 NYS2d 575]—

In a matrimonial action in which the parties were divorced by judgment dated January 14, 2008, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated August 24, 2010, as granted those branches of the plaintiff's motion which were, in effect, to enforce certain provisions of the parties' stipulation of settlement dated September 21, 2007, which was incorporated but not merged into the judgment of divorce, so as to direct him to pay the sum of $705 for orthodontic services expenses, $3,000 for summer camp expenses, $603.82 for increased health insurance premiums, and $3,529.24 for child support arrears, and granted that branch of the plaintiff's motion which was, in effect, to enforce a provision of the stipulation of settlement pertaining to therapy expenses to the extent of directing him to pay the sum of $928.80 for therapy expenses.

Ordered that the appeal from so much of the order as granted those branches of the plaintiff's motion which were, in effect, to enforce the stipulation of settlement so as to direct him to pay the sum of $705 for orthodontic services and $603.82 for increased health insurance premiums and from so much of the order as granted that branch of the plaintiff's motion which was, in effect, to enforce a provision of the stipulation of settlement pertaining to therapy expenses to the extent of directing him to pay the sum of $928.80 for therapy expenses are dismissed as academic in light of an order of the Supreme Court, Nassau County, dated November 18, 2010; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was, in effect, to enforce certain provisions of the stipulation of settlement so as to direct the defendant to pay the sum of $3,529.24 for child support arrears and substituting therefor

a provision denying that branch of the plaintiff's motion and awarding the defendant a credit in the sum of $262.61; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

As the defendant correctly contends, he was not in arrears in child support. In calculating the amount of child support owed, the plaintiff indicated that the defendant's obligation for each of the months of July, August, and September 2008, was the sum of $2,337.84, with credits for allowable deductions in August and September. However, under the parties' stipulation of settlement, the defendant's support obligation for those months was only $1,700. The defendant's support obligation did not increase to $2,337.84 until October 2008. While there was still a deficiency in the defendant's child support payments for 2008 in the sum of $225.61, the defendant overpaid his child support obligations for 2009 by the sum of $488.22. Therefore, the defendant is entitled to a credit in the sum of $262.61.

However, contrary to the defendant's contention, the Supreme Court properly directed him to pay his share of the expenses for the parties' daughter's summer camp. The stipulation is clear and unambiguous on its face as to the defendant's share of camp fees, and the intent of the parties must be gleaned from the four corners of the evidence, and not from extrinsic evidence (*see Fishbein v Fishbein*, 72 AD3d 1021 [2010]; *Micciche v Micciche*, 62 AD3d 673 [2009]; *Herzfeld v Herzfeld*, 50 AD3d 851 [2008]). The parties clearly intended the defendant to pay 60% of summer camp expenses, up to $3,000, with no exceptions if the defendant disapproved of the particular camp the parties' daughter attended.

The appeal from so much of the order dated August 24, 2010, as directed the defendant to pay the sum of $928.80 for therapy expenses, $705 for orthodontic services, and $603.82 for increased health insurance premiums, has been rendered academic by an order of the Supreme Court dated November 18, 2010, which vacated those provisions.

The defendant's remaining contention is without merit. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.