■ CHARLES TAMBURELLO, Appellant, v REGINA TAMBURELLO, Respondent. [978 NYS2d 864]—

" 'A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation' " (*Ackermann v Ackermann*, 82 AD3d 1020, 1020 [2011], quoting *Rosenberger v Rosenberger*, 63 AD3d 898, 899 [2009]; *see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]; *Matter of Korosh v Korosh*, 99 AD3d 909, 910 [2012]; *Ayers v Ayers*, 92 AD3d 623, 624 [2012]). " 'Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence' " (*Ackermann v Ackermann*, 82 AD3d at 1021, quoting *Rosenberger v Rosenberger*, 63 AD3d at 899; *see Matter of Meccico v Meccico*, 76 NY2d at 824). "A court may not write into a contract conditions the parties did not insert or, under the guise of construction, add or excise terms, and it may not construe the language in such a way as would distort the apparent meaning" (*Ayers v Ayers*, 92 AD3d at 624; *see Slatt v Slatt*, 64 NY2d 966, 967 [1985]; *Cohen-Davidson v Davidson*, 291 AD2d 474, 475 [2002]; *Matter of Scalabrini v Scalabrini*, 242 AD2d 725, 726 [1997]). "Moreover, a court cannot reform an agreement to conform to what it thinks is proper, if the parties have not assented to such a reformation" (*Cohen-Davidson v Davidson*, 291 AD2d at 475; *see Cappello v Cappello*, 286 AD2d 360 [2001]; *Tinter v Tinter*, 96 AD2d 556, 557 [1983]; *Leffler v Leffler*, 50 AD2d 93, 95 [1975], *affd* 40 NY2d 1036 [1976]).

Applying these principles here, the parties' stipulation of settlement, which was incorporated but not merged in the judgment of divorce, did not obligate the parties to file joint income tax returns for the year 2008. Indeed, there is no language in the stipulation which supports the plaintiff's contention that the defendant was required to file joint tax returns for the year 2008. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to compel the defendant to file joint income tax returns with the plaintiff for the year 2008.

Contrary to the plaintiff's contention, the Supreme Court properly denied, as premature, that branch of his motion which was to compel the defendant to turn over certain items of jewelry, as the parties had yet to determine the retail value of

those items so that the jewelry could be equally divided between the parties in accordance with the stipulation of settlement.

There is no merit to the plaintiff's contention regarding the Supreme Court's denial of that branch of his motion which was for an award of an attorney's fee and related expenses. Mastro, J.P., Chambers, Lott and Miller, JJ., concur.