■ JAYNE CALANO, Respondent, v JOHN CALANO, Appellant. [990 NYS2d 65]—

In a matrimonial action in which the parties were divorced by judgment dated June 5, 2006, the defendant appeals, as limited

by his brief, from so much of an order of the Supreme Court, Richmond County (Panepinto, J.), dated January 11, 2013, as, upon renewal, adhered to its original determination in an order dated August 7, 2012, granting that branch of the plaintiff's motion which was for an award of outstanding maintenance arrears in the sum of $66,000.

Ordered that the order dated January 11, 2013, is affirmed insofar as appealed from, with costs.

When the parties were divorced by judgment dated June 5, 2006, a stipulation of settlement dated November 4, 2005 (hereinafter the stipulation), was incorporated, but not merged, into the judgment. The stipulation provided that the defendant would pay "spousal maintenance" (hereinafter the spousal maintenance obligation) until the occurrence of the earliest of four specified events, one of which was the defendant's "retirement." The stipulation also provided for the division of marital property. Under that provision, the plaintiff was allocated a certain percentage of the defendant's retirement plan and 401(k) savings plan through his employment at JP Morgan Chase (hereinafter together the JP Morgan Chase benefits).

In March 2009, the defendant's employment with JP Morgan Chase was terminated, but the defendant chose to defer his collection of his portion of the JP Morgan Chase benefits. In that same month, the defendant stopped paying his spousal maintenance obligation, contending that his termination from JP Morgan Chase amounted to "retirement" under the stipulation's spousal maintenance provision. Subsequently, the defendant became employed with another company.

In January 2011, the plaintiff moved, among other things, for an award in the sum of $66,000, representing the defendant's unpaid spousal maintenance obligation. The Supreme Court granted that branch of the plaintiff's motion in an order dated August 7, 2012. The court expressly rejected the defendant's contention that his separation from JP Morgan Chase amounted to "retirement" within the meaning of the stipulation's spousal maintenance provision.

The defendant moved for leave to renew. In support of the motion, he submitted evidence showing that the plaintiff was entitled to collect her equitable distribution portion of the JP Morgan Chase benefits upon the defendant's termination from JP Morgan Chase, despite the defendant's deferral of his own portion of those benefits. The defendant argued that in light of this evidence, his termination from JP Morgan Chase amounted to a "retirement" under the spousal maintenance provision of the stipulation. The Supreme Court granted the defendant's

motion for leave to renew, but adhered to the original determination. The defendant appeals.

"A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (*Matter of Hinck v Hinck*, 113 AD3d 681, 683 [2014]; *see Ackermann v Ackermann*, 82 AD3d 1020, 1020 [2011]; *Rosenberger v Rosenberger*, 63 AD3d 898, 899 [2009]). " '[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized' " (*Fetner v Fetner*, 293 AD2d 645, 645-646 [2002], quoting *Joseph v Creek & Pines*, 217 AD2d 534, 535 [1995]; *see Matter of Berlin*, 103 AD3d 797, 798 [2013]). Upon renewal, the Supreme Court properly rejected the defendant's contention that his spousal maintenance obligation terminated when the plaintiff became eligible to collect her equitable distribution share of the JP Morgan Chase benefits. The spousal maintenance provision of the stipulation was separate from the equitable distribution provision, and the fact that the plaintiff became eligible to collect her equitable distribution portion of the JP Morgan Chase benefits did not mean that the defendant had retired under the meaning of the spousal maintenance provision. In other words, the defendant's termination of employment at JP Morgan Chase did not amount to "retirement." Accordingly, the defendant's spousal maintenance obligation under the spousal maintenance provision continued, and the Supreme Court correctly adhered to the original determination granting the plaintiff's motion for an award of maintenance arrears in the sum of $66,000. Balkin, J.P., Austin, LaSalle and Barros, JJ., concur.