■ ILANA HANAU, Appellant, v MARK COHEN, Respondent. [996 NYS2d 294]—

In a matrimonial action in which the parties were divorced by judgment dated February 8, 2010, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Kings County (Morgenstern, J.), dated January 5, 2012, as denied those branches of her motion which were to enforce the provisions of the parties' stipulation of settlement dated December 3, 2009, which was incorporated but not merged into the judgment of divorce, so as to direct the defendant to pay his pro rata share of certain child support expenses accruing between February 8, 2010, and July 13, 2011, in the principal sum of $17,835.51, and (2) so much of an order of the same court dated January 30, 2013, as granted that branch of the defendant's motion which was for a credit against his basic child support obligation for costs associated with the college room and board of one of the subject children, and denied those branches of her cross motion which were to direct the defendant to pay his pro rata share of certain additional child support "add-on" expenses which accrued subsequent to the issuance of the order dated January 5, 2012.

Ordered that the order dated January 5, 2012, is modified, on the law, by deleting the provision thereof denying those branches of the plaintiff's motion which were to direct the defendant to pay his pro rata share of the children's respective expenses for squash lessons in the principal sum of $970.20, piano lessons in the principal sum of $1,638, Interlochen summer camp in the principal sum of $781.20, unreimbursed medical expenses in the principal sum of $512.40, and Hebrew school in the principal sum of $1,650, and substituting therefor a provision granting those branches of the plaintiff's motion; as so modified, the order dated January 5, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated January 30, 2013, is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for a credit against his basic child support obligation for costs associated with the college room and board of one of the subject children, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated January 30, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation (*see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]; *Matter of Korosh v Korosh*, 99 AD3d 909, 910 [2012]; *Ayers v Ayers*, 92 AD3d 623, 624 [2012]; *Ackermann v Ackermann*, 82 AD3d 1020, 1020 [2011]; *Rosenberger v Rosenberger*, 63 AD3d 898, 899 [2009]). Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence (*see Matter of Meccico v Meccico*, 76 NY2d at 824; *Ackermann v Ackermann*, 82 AD3d at 1021; *Rosenberger v Rosenberger*, 63 AD3d at 899). "A court may not write into a contract conditions the parties did not insert or, under the guise of construction, add or excise terms, and it may not construe the language in such a way as would distort the apparent meaning" (*Ayers v Ayers*, 92 AD3d at 624; *see Slatt v Slatt*, 64 NY2d 966, 967 [1985]; *Cohen-Davidson v Davidson*, 291 AD2d 474, 475 [2002]). Moreover, a court cannot reform an agreement to conform to what it thinks is proper if the parties have not assented to such a reformation (*see Cohen-Davidson v Davidson*, 291 AD2d at 475; *Cappello v Cappello*, 286 AD2d 360 [2001]; *Tinter v Tinter*, 96 AD2d 556, 557 [1983]).

Applying these principles here, the parties' stipulation of settlement (hereinafter the stipulation), which was incorporated but not merged into the judgment of divorce, obligated the defendant to pay his pro rata share of the children's respective expenses pertaining to squash lessons in the principal sum of $970.20, piano lessons in the principal sum of $1,638, Interlochen summer camp in the principal sum of $781.20, unreimbursed medical expenses in the principal sum of $512.40, and Hebrew school in the principal sum of $1,650. However, the record before us is devoid of any evidence showing that the defendant paid his pro rata share of these expenses. Accordingly, the Supreme Court should have granted those branches of the motion which were to direct the defendant to pay his pro rata

share of those expenses (*see Ambrose v Ambrose*, 93 AD3d 744, 745 [2012]; *Solomon v Solomon*, 85 AD3d 1010 [2011]).

Further, we agree with the plaintiff that, pursuant to the stipulation, the defendant is entitled to a credit against his basic child support obligation for costs associated with the college room and board of one of the subject children, only with respect to his monetary contributions made after exhaustion of the custodial accounts the parties established for the payment of the subject child's college room and board expenses. Since it is undisputed that the custodial accounts were not yet exhausted at the time of the defendant's motion, and therefore, the defendant's obligation to contribute his respective share to the college room and board expenses had yet to arise, he was not entitled to the subject credit. Accordingly, the Supreme Court should not have granted that branch of the defendant's motion which was for a credit against his basic child support obligation for costs associated with the college room and board expenses of one of the subject children.

Contrary to the plaintiff's contention, she failed to demonstrate that the determinations made against her by the Supreme Court were the product of bias (*see Hayes v Barroga-Hayes*, 117 AD3d 794 [2014]; *Bubbins v Bubbins*, 114 AD2d 346 [1985]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Hall, Austin and Barros, JJ., concur.