In the Matter of AMY TANNENBAUM, Appellant, v DANIEL GILBERG, Respondent. (Proceeding No. 1.) In the Matter of DANIEL GILBERG, Respondent, v AMY TANNENBAUM, Appellant. (Proceeding No. 2.) [22 NYS3d 211]—

Appeal from an order of the Family Court, Rockland County (William P. Warren, J.), entered December 30, 2014. The order, insofar as appealed from, denied the mother's objection to so much of an order of that court (Catherine M. Miklitsch, S.M.) entered August 1, 2014, as, after a hearing, granted the father's petition for a downward modification of his child support obligation to the extent of awarding the father a credit against his basic child support obligation for college room and board paid by him for two of the subject children.

Ordered that the order entered December 30, 2014, is affirmed insofar as appealed from, with costs.

Pursuant to the parties' stipulation of settlement, which was incorporated but not merged into their judgment of divorce, the parties agreed to contribute to the cost of college education for their three children in accordance with their financial circumstances. The stipulation of settlement also provided that "[i]n the event the parties are unable to agree as to their respective contributions, any credits against child support . . . , and/or any reductions in child support in accordance with the then prevailing law," either party could make an application for a determination by a court of competent jurisdiction. The mother subsequently commenced a proceeding seeking, inter alia, a determination as to the father's share of the college expenses of the parties' two older children, who were beginning college in the fall of 2014. The father then filed a petition for a downward modification of his child support obligation. After a hearing, the Support Magistrate issued an order determining, inter alia, that the father was responsible for 53% of the college costs of the two older children, but was also entitled to a

credit against his basic child support obligation for college room and board paid by him for the parties' two older children. As pertinent here, the Family Court denied the mother's objection to so much of the order as determined that the father was entitled to a credit.

A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to the principles of contract construction and interpretation (*see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]; *Hanau v Cohen*, 121 AD3d 940 [2014]; *Matter of Korosh v Korosh*, 99 AD3d 909 [2012]; *Ackermann v Ackermann*, 82 AD3d 1020 [2011]). In interpreting a contract such as a stipulation of settlement, a court should construe it in such a way as to give fair meaning to all the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized (*see Matter of Katz v Dotan*, 95 AD3d 1328 [2012]; *Matter of Moss v Moss*, 91 AD3d 783 [2012]; *Hyland v Hyland*, 63 AD3d 1106, 1107 [2009]). Contrary to the mother's contention, the Family Court's determination that the father was entitled to a credit against his basic child support obligation for college room and board paid by him for the parties' two older children was consistent with the terms of the parties' stipulation of settlement (*see Matter of Alimonti v Schwarz*, 132 AD3d 861 [2015]; *Matter of Levy v Levy*, 52 AD3d 717, 718-719 [2008]; *cf. Matter of Filosa v Donnelly*, 94 AD3d 760 [2012]; *Matter of Trester v Trester*, 92 AD3d 949 [2012]; *Colucci v Colucci*, 54 AD3d 710 [2008]). Moreover, the mother's alternative argument, that the stipulation of settlement provided for a maximum amount upon which the credit could be applied, is without merit. Leventhal, J.P., Dickerson, Maltese and Duffy, JJ., concur.

---

Motion by the respondent, inter alia, to dismiss an appeal from an order of the Family Court, Rockland County, entered December 30, 2014, for failure to settle the transcript and on the ground that the appellant's appendix is inadequate. By decision and order on motion of this Court dated July 8, 2015, that branch of the respondent's motion which was to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the respondent's motion which is

to dismiss the appeal is denied. Leventhal, J.P., Dickerson, Maltese and Duffy, JJ., concur.