■ ORIT FRANCES, Appellant, v ISAAC J. FRANCES, Respondent. [34 NYS3d 171]—

Appeal from an order of the Supreme Court, Rockland County (William A. Kelly, J.), entered February 17, 2015. The order, insofar as appealed from, granted those branches of the defendant's motion which were to enforce the parties' stipulation of settlement by directing the plaintiff to pay him 50% of the refund received from the parties' 2009 joint tax return, 50% of the school tuition and camp expenses for the parties' youngest child, and 50% of the cost of repairs to the marital residence.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were to enforce the parties' stipulation of settlement by directing the plaintiff to pay the defendant 50% of the refund received from the parties' 2009 joint tax return, 50% of the camp expenses for the parties' youngest child, and

50% of the cost of repairs to the marital residence, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action for a divorce and ancillary relief. The parties entered into a stipulation of settlement dated January 19, 2010 (hereinafter the stipulation), which was incorporated but not merged into a judgment of divorce dated March 30, 2010. The stipulation was made "in full and complete satisfaction of all claims each [party] may have against the other under any law." Subsequently, the defendant moved, inter alia, to enforce the stipulation by directing the plaintiff to pay him 50% of the refund received from the parties' 2009 joint tax return, 50% of the school tuition and camp expenses for the parties' youngest child, and 50% of the cost of certain repairs to the marital residence. The Supreme Court, among other things, granted those branches of the defendant's motion. The plaintiff appeals, and we modify.

"A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (*Rosenberger v Rosenberger*, 63 AD3d 898, 899 [2009]; *see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]; *Ackermann v Ackermann*, 82 AD3d 1020 [2011]). "The terms thereof 'operate as contractual obligations binding on the parties' " (*Ackermann v Ackermann*, 82 AD3d at 1020, quoting *Nelson v Nelson*, 75 AD3d 593, 593 [2010]). Therefore, a court should interpret a stipulation of settlement " 'in accordance with its plain and ordinary meaning' " (*Ackermann v Ackermann*, 82 AD3d at 1020, quoting *Rauso v Rauso*, 73 AD3d 888, 889 [2010]). " 'A court may not write into a contract conditions the parties did not insert or, under the guise of construction, add or excise terms, and it may not construe the language in such a way as would distort the apparent meaning' " (*Hanau v Cohen*, 121 AD3d 940, 941 [2014], quoting *Ayers v Ayers*, 92 AD3d 623, 624 [2012]).

Here, the stipulation provided that, except with respect to the real, personal, and mixed property specifically referred to in the stipulation, the parties had divided their respective property to their mutual satisfaction, be it "marital property" or "separate property." According to the terms of the stipulation, the parties intended the stipulation "to effectuate a full property settlement between them," and each party waived any rights to a distributive award "with respect to any property acquired by the other or acquired jointly either before or dur-

ing the marriage, or by either individually after the effective date of [the stipulation] and each agree[d] never to seek through judicial proceedings or otherwise . . . a distributive award or equitable distribution with respect to any property acquired by the other or acquired jointly either before or during the marriage."

In the stipulation, the parties agreed that the plaintiff would prepare the parties' 2009 joint tax return. However, the stipulation was silent as to how any refund from the 2009 joint tax return would be distributed. While the defendant would ordinarily have a right to 50% of the marital portion of the 2009 tax refund, as such portion of the refund would constitute marital property (see Cohen v Cohen, 132 AD3d 627, 629 [2015]; Hymowitz v Hymowitz, 119 AD3d 736, 742 [2014]), here, the defendant waived any right to the distribution of such tax refund in the stipulation, which did not specifically provide for the distribution of any refund in connection with the 2009 joint tax return. According to the plain language of the stipulation, the parties intended the stipulation to be a full property settlement between them, and the parties waived any right to a distributive share of any property not referred to in the stipulation, regardless if it was considered "marital property" or "separate property." Under these circumstances, the Supreme Court should have denied that branch of the defendant's motion which was to direct the plaintiff to pay him 50% of the refund received from the parties' 2009 joint tax return.

However, the Supreme Court properly granted that branch of the defendant's motion which was to direct the plaintiff to pay him 50% of the school tuition expenses for the parties' youngest child (hereinafter the child) (see Matter of Weinberger v Frankel, 37 AD3d 481 [2007]). The stipulation provided that the plaintiff and the defendant "shall equally share . . . school tuition." The parties also agreed in the stipulation that the interests of the children would best be served by their attendance at an Orthodox Jewish institution similar to the one currently attended by them until their graduation from high school. The stipulation did not require the parties to consult and agree with each other as to the specific school that the child would attend (see Matter of Weinberger v Frankel, 37 AD3d 481 [2007]; cf. Matter of Citera v D'Amico, 251 AD2d 662 [1998]). Contrary to the plaintiff's contention, she failed to show that the high school attended by the child was not an Orthodox Jewish institution similar to the elementary school previously attended by the child.

The stipulation did not contain any provision directing the

plaintiff to contribute to the child's camp expenses. Indeed, the stipulation provides that the defendant is fully responsible for child support. "[W]here the parties have provided for child support within a separation agreement, it is to be assumed that they have anticipated and adequately provided for the child's future needs and the terms of the agreement 'should not be freely disregarded' " (*Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002], quoting *Matter of Boden v Boden*, 42 NY2d 210, 212-213 [1977]). If the parties had intended for the plaintiff to contribute to the child's camp expenses, they could have expressed so in the stipulation. Under these circumstances, the Supreme Court should have denied that branch of the defendant's motion which was to direct the plaintiff to pay him a 50% share of the child's camp expenses.

Pursuant to the stipulation, all major repairs to the marital residence that were necessary and cost more than $1,000 were to be shared equally by the parties, provided that the cause for the major repairs was not the defendant's willful neglect, and provided that the defendant advised the plaintiff of the repairs, that he provided her a written estimate, and that the repairs were agreed to. In support of his motion, the defendant failed to demonstrate that the subject repairs to the marital residence were necessary, that the cause of the repairs was not his willful neglect, that he advised the plaintiff of the repairs and provided her with a written estimate, and that the repairs were agreed to. Under these circumstances, the Supreme Court should have denied that branch of his motion which was to direct the plaintiff to pay him 50% of the cost of the repairs to the marital residence. Balkin, J.P., Hall, Barros and Connolly, JJ., concur.