Matter of Murphy v Murphy (2018 NY Slip Op 07728)





Matter of Murphy v Murphy


2018 NY Slip Op 07728


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-07835
 (Docket No. F-04815-15/15A)

[*1]In the Matter of Kristy Murphy, respondent, 
v
Mark Murphy, appellant.


Christopher P. Nalley, Staten Island, NY, for appellant.
Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (Arnold Lim, J.), entered July 13, 2017. The order denied the father's objections to an order of the same court (Gregory L. Gliedman, S.M.) dated December 8, 2016, which, after a hearing, granted that branch of the mother's petition which was to enforce the parties' stipulation of settlement by directing the father to pay the children's private school tuition.
ORDERED that the order entered July 13, 2017, is affirmed, with costs.
The parties entered into a stipulation of settlement dated October 7, 2011 (hereinafter the stipulation), which was incorporated, but not merged into a judgment of divorce dated March 23, 2012. Subsequently, the mother petitioned, inter alia, to enforce the stipulation by directing the father to pay the children's private school tuition. The Support Magistrate, after a hearing, concluded that the father was obligated to pay the children's private school tuition based upon the stipulation. By order entered July 13, 2017, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals.
" A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation'" (Frances v Frances, 140 AD3d 1114, 1115, quoting Rosenberger v Rosenberger, 63 AD3d 898, 899; see Matter of Meccico v Meccico, 76 NY2d 822, 823-824; Matter of Tannenbaum v Gilberg, 134 AD3d 846, 847; Ackermann v Ackermann, 82 AD3d 1020, 1020). "The terms thereof operate as contractual obligations binding on the parties'" (Ackermann v Ackermann, 82 AD3d at 1020, quoting Nelson v Nelson, 75 AD3d 593, 593). Consequently, a court should interpret a stipulation of settlement " in accordance with its plain and ordinary meaning'" (Ackermann v Ackermann, 82 AD3d at 1020, quoting Rauso v Rauso, 73 AD3d 888, 889 [internal quotation marks omitted]). "A court should not, under the guise of contract interpretation, imply a term which the parties themselves failed to insert or otherwise rewrite the contract" (Penavic v Penavic, 88 AD3d 671, 672; see Frances v Frances, 140 AD3d at 1115; Hanau v Cohen, 121 AD3d 940, 941).
Here, we agree with the Support Magistrate's conclusion that the father was obligated [*2]to pay the children's private school tuition. The stipulation expressly stated, without any conditions or limitations, that the father "shall pay for any and all expenses associated with the children attending parochial or independent elementary school." The father's contention that his obligation to pay the children's private school tuition was not triggered because the mother failed to consult with him and obtain his consent to the school selected by her is without merit (see Frances v Frances, 140 AD3d at 1116; Matter of Davidson v McLoughlin, 128 AD3d 960, 961; Matter of Scala v Wilkens, 69 AD3d 948, 948; Matter of Weinberger v Frankel, 37 AD3d 481, 482). Accordingly, we agree with the Family Court's determination to deny the father's objections to the Support Magistrate's order.
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court