Matter of Blake v Solomon (2019 NY Slip Op 01070)





Matter of Blake v Solomon


2019 NY Slip Op 01070


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2017-11672
2018-04335
 (Docket Nos. F-14622-14/16F/16G/17H/17I/17J, F-15597-14/16F/17G/17H/17I, F-16150-14/17D/17E/17F, F-361-15/16E/16F/16G/17H/17I/17J)

[*1]In the Matter of Rebecca Blake, respondent,
v
Dean Solomon, appellant. (Proceeding No. 1)
In the Matter of Dean Solomon, appellant,Rebecca Blake, respondent. (Proceeding Nos. 2 and 3)


Dean M. Solomon, named herein as Dean Solomon, Mamaroneck, NY, appellant pro se.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Westchester County (Hal B. Greenwald, J.), dated October 13, 2017, and (2) an order of the same court dated March 26, 2018. The order dated October 13, 2017, insofar as appealed from, denied the father's objections to so much of an order of the same court (Esther R. Furman, S.M.) dated June 14, 2017, as denied, as academic, his motion for leave to renew his opposition to that branch of the mother's petition which was to recover arrears for unreimbursed medical expenses and health insurance premiums, directed the father to pay 50% of the therapy expenses for the parties' oldest child, and determined that the mother did not have any obligation to contribute to a summer camp selected by the father for the oldest child. The order dated March 26, 2018, insofar as appealed from, denied the father's objections to so much of an order of the same court (Esther R. Furman, S.M.) dated September 18, 2017, as denied that branch of his motion which was for leave to reargue with respect to the determination in the order dated June 14, 2017, denying, as academic, his motion for leave to renew.
ORDERED that the order dated October 13, 2017, is modified, on the law and the facts, by deleting the provision thereof denying the father's objection to so much of the order dated June 14, 2017, as denied, as academic, his motion for leave to renew his opposition to that branch of the mother's petition which was to recover arrears for unreimbursed medical expenses and health insurance premiums, and substituting therefor a provision granting that objection and vacating that portion of the order dated June 14, 2017; as so modified, the order dated October 13, 2017, is affirmed insofar as appealed from, without costs or disbursements, so much of the order dated September 18, 2017, as denied that branch of the father's motion which was for leave to reargue with respect to the determination in the order dated June 14, 2017, denying, as academic, his motion for leave to renew is vacated, and the matter is remitted to the Family Court, Westchester County, for a determination on the merits of the father's motion for leave to renew in accordance herewith; and [*2]it is further,
ORDERED that the appeal from the order dated March 26, 2018, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated October 13, 2017.
The parties were married in 2007 and are the parents of three children. In 2014, the parties entered into a stipulation of settlement, which was incorporated but not merged into a judgment of divorce. The stipulation provided, inter alia, that the parties would equally pay for unreimbursed medical and therapy expenses for their children, and for summer camp up to the cost of $1,000 per child, and that if the parties were unable to agree on a summer camp, the mother would have final decision-making authority. Thereafter, the mother petitioned to recover arrears for, inter alia, unreimbursed medical expenses and health insurance premiums, and the father petitioned to recover arrears for, among other things, child care expenses.
In an order dated March 2, 2016, the Support Magistrate determined, inter alia, that the mother owed to the father a certain amount for child care expenses, and that the mother was entitled to an offset against that amount in the sum of $3,764.31 for unreimbursed medical expenses and health insurance premiums owed to her by the father. On March 14, 2016, the father filed objections to the order dated March 2, 2016, arguing, among other things, that the mother failed to prove that she personally paid for unreimbursed medical expenses and health insurance premiums in the sum of $3,764.31. In June 2016, the father moved for leave to renew his opposition to that branch of the mother's petition which was to recover arrears for unreimbursed medical expenses and health insurance premiums, arguing, inter alia, that he had discovered new evidence that the mother had only personally paid for unreimbursed medical expenses and health insurance premiums in the sum of $1,048.12. Also in June 2016, the father petitioned, among other things, for reimbursement of 50% of the cost of a summer camp where he enrolled the parties' oldest child.
In an order dated July 8, 2016, the Family Court, inter alia, denied the father's objections to the order dated March 2, 2016, except to the extent of remitting the matter to the Support Magistrate to recalculate the amount owed by the mother to the father for child care expenses. In an order dated June 14, 2017, the Support Magistrate, among other things, denied, as academic, the father's motion for leave to renew his opposition to that branch of the mother's petition which was to recover arrears for unreimbursed medical expenses and health insurance premiums. The Support Magistrate stated that the "credit of $3,764.31 [for unreimbursed medical expenses and health insurance premiums] still stands," noting that the amount of the offset was "not overturned or remanded" by the Family Court in the order dated July 8, 2016. The Support Magistrate also determined that the mother had no obligation to contribute to the cost of the summer camp in which the father had enrolled the oldest child without the mother's consent, and directed the father to pay 50% of the therapy expenses for the oldest child. Thereafter, the father filed objections to the order dated June 14, 2017. In an order dated October 13, 2017, the Family Court denied the father's objections to the order dated June 14, 2017. The father appeals.
As the father correctly argues, the Support Magistrate's order dated June 14, 2017, failed to address the contention raised in support of his motion for leave to renew that the mother's credit card and banking statements showed that she had only personally paid for unreimbursed medical expenses and health insurance premiums in the sum of $1,048.12. Further, there was no basis to deny the motion for leave to renew as academic. To the extent that the Support Magistrate suggested that the contentions raised in support of this motion were considered in the order dated July 8, 2016, there is no indication in that order that the Family Court considered the father's contentions raised in support of his motion for leave to renew. Consequently, we grant the father's objection to so much of the order dated June 14, 2017, as denied, as academic, his motion for leave to renew, and remit the matter to the Family Court for a determination on the merits as to whether the father should be granted leave to renew his opposition to that branch of the mother's petition which was to recover arrears for unreimbursed medical expenses and health insurance premiums, and, if so, whether the credit card and banking statements submitted by the father warranted modifying the amount of the mother's award for unreimbursed medical expenses and insurance [*3]premiums.
We agree with the Family Court's determination to deny the father's objection to so much of the order dated June 14, 2017, as concluded that the mother had no obligation to contribute to the cost of the summer camp in which the father enrolled the oldest child. Where, as here, a stipulation of settlement is incorporated but not merged into a judgment of divorce, the stipulation is a contract binding on the parties, and should be interpreted " in accordance with its plain and ordinary meaning'" (Matter of Murphy v Murphy, 166 AD3d 779, 779, quoting Ackermann v Ackermann, 82 AD3d 1020, 1020). Here, the parties' stipulation expressly afforded final decision-making authority regarding summer camp for the children to the mother in the event the parties were unable to reach an agreement. Insofar as the record supports the Support Magistrate's finding that the parties failed to reach an agreement as to the summer camp for their oldest child, the mother was not obligated to contribute to the cost of a summer camp selected by the father to which she did not consent.
We also agree with the Family Court's determination to deny the father's objection to so much of the order dated June 14, 2017, as directed him to pay 50% of the therapy expenses for the oldest child. The father argues that he should not have to pay 50% of the therapy expenses because the stipulation provided that the parties "shall use in-network providers unless the parties otherwise agree in writing or there are no in-network providers for a particular needed specialty," and the oldest child's therapist was not an in-network provider. However, as the Support Magistrate correctly observed, the oldest child's therapist was appointed in an order dated December 20, 2016, and the father's challenges to that order are not properly before this Court on the subject appeals. Further, the provision in the stipulation obligating the parties to equally pay for therapy expenses is inapplicable since the Family Court, rather than the parties, selected the therapist. Consequently, we agree with the Support Magistrate's finding that the stipulation obligated the father to pay 50% of the cost of the oldest child's therapy sessions.
The father's remaining contentions either are not properly before this Court, are without merit, or need not be reached in light of our determination.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court