Foranoce v Foranoce

2026 NY Slip Op 02392

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Justine Foranoce, appellant,

v

Michael Foranoce, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2023-10185, (Index No. 42551/08)

Mark C. Dillon, J.P.

Cheryl E. Chambers

Lillian Wan

James P. McCormack, JJ.

Erica B. Sakol, Mineola, NY (Matthew A. Weiss of counsel), for appellant.

DiMascio & Associates, LLP, Garden City, NY (Gregory R. Myers of counsel), for respondent.

[*1]

DECISION & ORDER

In a matrimonial action in which the parties were divorced by judgment dated August 8, 2011, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Valerie A. Cartright, J.), dated June 30, 2023. The order, insofar as appealed from, denied, without a hearing, those branches of the plaintiff's motion which were to hold the defendant in civil contempt for failing to comply with certain provisions of the parties' stipulation dated June 22, 2009, for an award of retroactive child support, and for an award of counsel fees.

ORDERED that the order is affirmed insofar as appealed from, with costs.

The parties are the parents of one child. As relevant here, pursuant to a stipulation dated June 22, 2009 (hereinafter the 2009 stipulation), which was incorporated but not merged into the parties' judgment of divorce dated August 8, 2011, the defendant's child support obligation was to be increased yearly commencing on January 1, 2011, in proportion to any increase in the Consumer Price Index (hereinafter the Consumer Price Index provision). Subsequently, pursuant to an amendment dated April 25, 2011 (hereinafter the 2011 amendment), which also was incorporated but not merged into the parties' judgment of divorce, the parties stipulated to amend and modify the child support provision of the 2009 stipulation. As relevant here, the 2011 amendment did not include a provision pursuant to which the defendant's child support obligation was to be increased yearly in proportion to any increase in the Consumer Price Index.

In December 2022, the plaintiff moved, inter alia, to hold the defendant in civil contempt for his failure to comply with certain provisions of the 2009 stipulation, including the Consumer Price Index provision and a provision pursuant to which the parties were to exchange certain tax returns for the calculation of the parties' respective pro rata share of their child's reasonable college expenses, for an award of retroactive child support, and for an award of counsel fees. In an order dated June 30, 2023, the Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.

"A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence" (Lombardi v Lombardi, 229 AD3d 537, 538 [internal quotation marks omitted]; see [*2]Botros v Botros, 233 AD3d 1051, 1053). The movant must establish "(1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct" (Spencer v Spencer, 159 AD3d 174, 177; see Judiciary Law § 753[A][3]). "A hearing is not mandated in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone" (Jaffe v Jaffe, 44 AD3d 825, 826 [internal quotation marks omitted]; see Del Vecchio v Del Vecchio, 219 AD3d 572, 578).

"A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (Del Vecchio v Del Vecchio, 219 AD3d at 575 [internal quotation marks omitted]; see Ackermann v Ackermann, 82 AD3d 1020, 1020). "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent, and [t]he best evidence of what parties to a written agreement intend is what they say in their writing" (Del Vecchio v Del Vecchio, 219 AD3d at 575 [internal quotation marks omitted]).

Here, pursuant to the 2011 amendment, the Consumer Price Index provision was no longer in force and effect after the parties amended the child support provision of the 2009 stipulation. The amended and modified child support provision did not include the Consumer Price Index provision and there were no exclusions as to the extent it was being amended (see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d 398, 403). "[W]hen parties set down their agreement in a clear, complete document, their writing should be enforced according to its terms" (id. [internal quotation marks omitted]). Contrary to the plaintiff's contention, a provision of the 2011 amendment pursuant to which "[i]n all other respects" the 2009 stipulation "remains in full force and effect," is not part of the amended child support provision and does not otherwise constitute clear and convincing evidence of the defendant's failure to comply with a clearly expressed and unequivocal mandate that was in effect.

The plaintiff also failed to prove by clear and convincing evidence that she was prejudiced by the defendant's failure to turn over his tax returns for 2019, 2020, and 2021. Accordingly, the Supreme Court properly denied, without a hearing, those branches of the plaintiff's motion which were to hold the defendant in civil contempt for his failure to comply with the Consumer Price Index provision and the provision of the 2009 stipulation pursuant to which the parties were to exchange certain tax returns (see Matter of Unger v Koren Ha, 234 AD3d 783, 785; Matter of Reid v Williams, 234 AD3d 774, 776; Perrone v Perrone, 229 AD3d 816, 817-818).

The parties' remaining contentions either are without merit or need not be considered in light of our determination.

Accordingly, we affirm the order insofar as appealed from.

DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court