■ In the Matter of PATRICIA CARPENTER, Respondent, v PAUL REITER, Appellant. [648 NYS2d 40] —In a purported support proceeding pursuant to Family Court Act article 4, the father appeals, by permission, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Willen, J.H.O.), entered June 28, 1995, as, upon granting reargument of his prior motion, adhered to so much of the original determination made in an order of the same court entered May 3, 1995, as, *sua sponte,* converted the proceeding from an application for upward modification of child support into a proceeding to enforce a judgment of divorce entered April 18, 1985, and directed the father to pay child support in the sum of $1,516 per month together with arrears in the sum of $19,708.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, so much of the order entered May 3, 1995, as converted the proceeding to a petition to enforce the judgment of divorce and directed the payment of monthly child support in the sum of $1,516 and the payment of arrears is vacated, the petition is denied, and the proceeding is dismissed.

In her petition, the mother sought upward modification of the amount of child support provided in the parties' separation agreement, which was neither incorporated nor merged into their judgment of divorce. The Family Court properly concluded that it had no jurisdiction to modify the terms of the separation agreement *(see, Kleila v Kleila,* 50 NY2d 277, 282). It erred, however, when it then *sua sponte* converted the petition into a proceeding to enforce a purported support provision in the judgment of divorce. While a court may correct technical pleading errors and convert any civil judicial proceeding brought in an improper form into a form which is proper *(see,* CPLR 103 [c]), here the court never acquired subject matter jurisdiction and it should have dismissed the proceeding.

In light of our determination, we do not address the father's remaining contentions. Thompson, J. P., Altman, Hart and Florio, JJ., concur.