■ In the Matter of GIUSTINA T. SCHIANO, Appellant, v JEFFREY HIRSCH, Respondent. [803 NYS2d 643]—

In a support proceeding pursuant to Family Court Act article 4, the mother appeals from so much of an order of the Family Court, Nassau County (Ayres, J.), dated August 5, 2004, as denied her objection to so much of an order of the same court (Bannon, S.M.), dated June 2, 2004, as, in effect, denied that branch of her petition which was to enforce the provision of the parties' separation agreement dated December 22, 1989, that was incorporated but not merged into the judgment of divorce dated April 26, 1990, obligating the father to pay the college expenses of the parties' child.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the objection is sustained, and the matter is remitted to the Family Court, Nassau County, for a determination as to the amount of the father's obligation to pay the college expenses of the parties' child, including any arrears.

When interpreting a contract, such as a separation agreement, the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized (*see Fetner v Fetner,* 293 AD2d 645 [2002]). Where the intention of the parties is clearly and unambiguously set forth, effect must be given

to the intent as indicated by the language used (*see Fetner v Fetner, supra*). Here, the parties' separation agreement dated December 22, 1989, clearly and unambiguously required the father to pay "all reasonable expenses" of the child's college education "for so long as the child evidences a desire and reasonable qualification to pursue a college education, on an undergraduate level, and on a full-time basis," which was the case here. Further, no reasonable construction of the agreement would result in a conclusion that this obligation terminated on the child's 18th birthday.

In light of the foregoing, the mother's remaining contentions need not be reached. Florio, J.P., H. Miller, Ritter and Rivera, JJ., concur.