In the Matter of ELIZABETH DUGGAN, Respondent, v THOMAS DUGGAN, Appellant. [923 NYS2d 114]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Eisman, J.), dated June 14, 2010, which denied his objections to an order of the same court (Kahlon, S.M.) dated April 21, 2010, which, after a hearing, granted the mother's petition, directed him to pay the mother the sum of $19,200 in child support arrears, and awarded an attorney's fee to the mother.

Ordered that the order dated June 14, 2010, is affirmed, with costs.

The father, Thomas Duggan, and the mother, Elizabeth Duggan, entered into a stipulation of settlement on February 26, 2009, to end their marriage. They have four children. The stipulation noted that the father's annual gross income was $475,000, whereas the mother had no income. It further noted that, according to the child support percentage calculation provided in the Child Support Standards Act (hereinafter the CSSA) (Domestic Relations Law § 240 [1-b]; Family Ct Act § 413), the father's monthly child support obligation would be the sum of $11,929.54. The parties, however, agreed to deviate from this calculation, and set the father's monthly child support obligation at the sum of $8,000.

The mother filed the instant petition seeking child support arrears. At the ensuing hearing, the husband stated that his

yearly income had dropped from \$475,000 to \$466,757, and he argued that, pursuant to the language in the stipulation, this decrease in income entitled him to an 80% decrease in his child support payments, to \$1,600 per month. In a fact-finding order dated April 21, 2010, the Family Court denied the father's motion to dismiss the petition, holding that his interpretation of the stipulation was "not plausible." The same court issued an order on the same day, in which it directed the father to pay the mother child support arrears in the sum of \$19,200. The father filed objections, and the Family Court denied the objections in an order dated June 14, 2010. The Family Court held that the language of the stipulation, as interpreted by the father, would violate the CSSA, and was against the best interests of the children. The father appeals.

The Family Court is without jurisdiction to modify the terms of a separation agreement absent a showing of an unanticipated and unreasonable change in circumstances, which the father has not alleged here (*see Kleila v Kleila,* 50 NY2d 277 [1980]; *Matter of Carpenter v Reiter,* 231 AD2d 629 [1996]; *Matter of Yepes v Fichera,* 230 AD2d 803, 803-804 [1996]). But the Family Court does have the authority to interpret and enforce the provisions of a separation agreement (*see Matter of Schiano v Hirsch,* 22 AD3d 502, 502-503 [2005]). "When interpreting a contract, such as a separation agreement, the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Matter of Schiano v Hirsch,* 22 AD3d at 502). But "the needs of a child must take precedence over the terms of the agreement when it appears that the best interests of the child are not being met" (*Matter of Gravlin v Ruppert,* 98 NY2d 1, 5 [2002]). The Family Court has the authority to find that a provision in a stipulation of settlement violates the CSSA (*see Matter of Sievers v Estelle,* 211 AD2d 173, 175-176 [1995]).

The stipulation here provides that, according to the child support percentage calculation provided in the CSSA, the father's monthly child support obligation would be the sum of \$11,929.54 per month. But the parties agreed to deviate from this calculation, on the grounds that it was in the best interests of the children and that the children's needs would be met, and set the father's monthly child support obligation at the sum of \$8,000 per month. The father now seeks to use the provision at issue to lower his child support obligation—for four children—to \$1,600 per month, or 13% of the presumptive support level

based on the CSSA. He seeks to do this because his income dropped by 1.7%—from $475,000 per year to $466,757 per year. The Family Court properly found that this was against the best interests of the children.

The Family Court also providently exercised its discretion in awarding an attorney's fee to the mother (*see generally Matter of Olesh v Auerbach*, 227 AD2d 406, 407 [1996]). Florio, J.P., Dickerson, Leventhal and Belen, JJ., concur.

Motion by the appellant to strike the respondent's brief on an appeal from an order of the Family Court, Nassau County, dated June 14, 2010, on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated February 1, 2011, the motion was held in abeyance, and was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal it is,

Ordered that the motion is denied. Florio, J.P., Dickerson, Leventhal and Belen, JJ., concur.