In the Matter of PATRICIA A. McMAHON-ROHAN, Respondent, v ROBERT E. ROHAN III, Appellant. [978 NYS2d 866]—

Pursuant to the parties' separation agreement dated May 31, 2001, the father agreed to pay child support beyond the subject child's 21st birthday "only if, and so long as," the child "pursues a college education with reasonable diligence," but in no event beyond the child's 22nd birthday. The father also agreed to pay 60% of the child's unreimbursed medical expenses. The separation agreement was incorporated but not merged into the parties' judgment of divorce.

Following the child's 21st birthday, the father ceased paying child support, whereupon the mother filed a violation petition seeking arrears for child support and unreimbursed medical expenses. In an order dated June 28, 2012, the Support Magistrate granted the petition and directed the father to pay the arrears. In an order dated September 27, 2012, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals.

"When interpreting a contract, such as a separation agreement, the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Matter of Katz v Dotan*, 95 AD3d 1328, 1329 [2012]; *see Matter of Duggan v Duggan*, 83 AD3d 703, 704 [2011]; *Matter of Schiano v Hirsch*, 22 AD3d 502, 502 [2005]). "The words and phrases used in an agreement must be given their plain meaning so as to define the rights of the parties" (*Matter of Bokor v Markel*, 104 AD3d

683, 683 [2013] [internal quotation marks omitted]; *see Skolnick v Skolnick*, 271 AD2d 431 [2000]; *Matter of Scalabrini v Scalabrini*, 242 AD2d 725 [1997]). "Where such an agreement is clear and unambiguous on its face, the parties' intent must be construed from the four corners of the agreement, and not from extrinsic evidence" (*Matter of Cricenti v Cricenti*, 60 AD3d 1052, 1053 [2009]).

Contrary to the father's contention, the Support Magistrate properly determined that the child's enrollment at Farmingdale State College, where she first received an associate degree and was then accepted into a second degree program, constituted the pursuit of a "college education with reasonable diligence," as contemplated by the separation agreement (*see Matter of Kelly*, 285 NY 139 [1941]; *Matter of Schiano v Hirsch*, 22 AD3d 502 [2005]). Consequently, the Support Magistrate properly enforced the child support provision of the parties' agreement (*see Matter of Schiano v Hirsch*, 22 AD3d at 502; *Matter of Bokor v Markel*, 104 AD3d 683 [2013]).

The father's remaining contentions are either without merit or unpreserved for appellate review. Dillon, J.P., Dickerson, Austin and Sgroi, JJ., concur.