FELICIA FLEMING, Now Known as FELICIA ELIA, Respondent, v JOHN FLEMING, Appellant. [28 NYS3d 440]—

Appeal from an order of the Supreme Court, Suffolk County (Stephen M. Behar, J.), dated October 31, 2014. The order, in effect, granted the plaintiff's motion to enforce certain child support provisions of the parties' stipulation of settlement.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion to enforce certain child support provisions of the parties' stipulation of settlement is denied.

Pursuant to the parties' stipulation of settlement, which was incorporated but not merged into their judgment of divorce, the defendant agreed to pay child support until the children reach the age of 21, or the completion of "four (4) academic years of college," whichever occurred last, but in no event beyond the school year of the child's 23rd birthday. Following the parties' daughter's 21st birthday in April 2014, the defendant continued

paying child support until May 2014, when the child graduated from college after three years of study. The plaintiff moved to enforce certain child support provisions of the stipulation, asserting that it required the defendant to continue paying child support during their daughter's first year of graduate school. The Supreme Court, in effect, granted the motion, finding that the child had completed only three academic years of college, and directed the defendant to continue paying child support until the child completed "four (4) full academic years of college, or until the child's 23rd birthday, whichever occurs first." We reverse.

"When interpreting a contract, such as a separation agreement, the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Matter of Schiano v Hirsch*, 22 AD3d 502, 502 [2005]; *see Matter of McCarthy v McCarthy*, 129 AD3d 970, 971 [2015]; *Matter of McMahon-Rohan v Rohan*, 113 AD3d 771 [2014]; *Matter of Katz v Dotan*, 95 AD3d 1328, 1329 [2012]; *Matter of Duggan v Duggan*, 83 AD3d 703, 704 [2011]). " 'A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, nor may it construe the language in such a way as would distort the contract's apparent meaning' " (*Matter of Bokor v Markel*, 104 AD3d 683, 683 [2013], quoting *Matter of Tillim v Fuks*, 221 AD2d 642, 643 [1995]). "The words and phrases used in an agreement must be given their plain meaning so as to define the rights of the parties" (*Matter of Bokor v Markel*, 104 AD3d at 683; *see Matter of Brandt v Peirce*, 132 AD3d 665, 667 [2015]; *Matter of McMahon-Rohan v Rohan*, 113 AD3d at 771-772; *Skolnick v Skolnick*, 271 AD2d 431 [2000]; *Matter of Scalabrini v Scalabrini*, 242 AD2d 725 [1997]). " 'Where such an agreement is clear and unambiguous on its face, the parties' intent must be construed from the four corners of the agreement, and not from extrinsic evidence' " (*Matter of Cricenti v Cricenti*, 60 AD3d 1052, 1053 [2009], quoting *Herzfeld v Herzfeld*, 50 AD3d 851, 851-852 [2008]).

Here, the fair meaning of the language "four (4) academic years of college," employed by the parties in their stipulation of settlement, expressed their intent to describe a four-year undergraduate course of study leading to a bachelor's degree (*see Matter of Kelly*, 285 NY 139 [1941]; *Attea v Attea*, 30 AD3d 971 [2006], *affd* 7 NY3d 879 [2006]). There is no evidence in the record to suggest that the parties intended this language to

mean graduate school. The fact that the child was able to graduate college in three years instead of four does not change the plain meaning of the language of the parties' stipulation, or alter their reasonable expectations as to the intent of its terms (*see Matter of McMahon-Rohan v Rohan*, 113 AD3d at 771-772). Accordingly, the Supreme Court should have denied the plaintiff's motion. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.