■ THERESA CLEVA, Appellant, v BRIAN G. CLEVA, Respondent. [31 NYS3d 551]—

Appeal from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated April 2, 2015. The order, insofar as appealed from, granted those branches of the defendant's motion which were for a declaration that the subject child was emancipated as of December 22, 2014, to terminate his child support and maintenance obligations, and to vacate an amended order of the Family Court, Nassau County (Elizabeth A. Bloom, S.M.), dated October 13, 2011, in a proceeding entitled *Matter of Cleva v Cleva*, commenced under docket No. F-419-09/11G, and denied the plaintiff's cross motion, inter alia, to enforce the child support and maintenance provisions of the parties' judgment of divorce.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant were married and are the parents of two children. Pursuant to the parties' stipulation of settlement, which was incorporated but not merged into their judgment of divorce entered January 3, 2007, the parties agreed that the defendant was to pay child support and maintenance until the emancipation of each child. The stipulation of settlement defines emancipation as, among other things, the earlier of either the child reaching 21 years of age, or 22 years of age if the child is "enrolled in full-time college." After

the parties' older child was emancipated, the Family Court, Nassau County, issued an amended order dated October 13, 2011, which modified the defendant's maintenance and child support obligations in accordance with the stipulation of settlement.

In January 2015, the defendant moved in the Supreme Court, inter alia, for a declaration that the parties' younger child was emancipated as of December 22, 2014, terminating his obligations to pay child support and maintenance, and vacating the amended order dated October 13, 2011. The defendant argued that the child was emancipated based upon him being 21 years of age and not enrolled in full-time college. The plaintiff crossmoved, inter alia, for an order enforcing the child support and maintenance provisions of the parties' judgment of divorce. In the order appealed from, the Supreme Court granted those branches of the defendant's motion which were for a declaration that the parties' younger child was emancipated as of December 22, 2014, to terminate his child support and maintenance obligations, and to vacate the amended order dated October 13, 2011, and denied the plaintiff's cross motion. The plaintiff appeals. We affirm the order insofar as appealed from.

"When interpreting a contract, such as a separation agreement, the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Matter of Schiano v Hirsch*, 22 AD3d 502, 502 [2005]; *see Matter of McCarthy v McCarthy*, 129 AD3d 970, 971 [2015]; *Matter of McMahon-Rohan v Rohan*, 113 AD3d 771 [2014]; *Matter of Katz v Dotan*, 95 AD3d 1328, 1329 [2012]). " 'A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, nor may it construe the language in such a way as would distort the contract's apparent meaning' " (*Matter of Bokor v Markel*, 104 AD3d 683, 683 [2013], quoting *Matter of Tillim v Fuks*, 221 AD2d 642, 643 [1995]). "The words and phrases used in an agreement must be given their plain meaning so as to define the rights of the parties" (*Matter of Tillim v Fuks*, 221 AD2d at 643; *see Matter of Brandt v Peirce*, 132 AD3d 665, 667 [2015]; *Matter of McMahon-Rohan v Rohan*, 113 AD3d at 771-772; *Matter of Bokor v Markel*, 104 AD3d at 683). " 'Where such an agreement is clear and unambiguous on its face, the parties' intent must be construed from the four corners of the agreement, and not from extrinsic evidence' " (*Matter of Cricenti v*

*Cricenti*, 60 AD3d 1052, 1053 [2009], quoting *Herzfeld v Herzfeld*, 50 AD3d 851, 851-852 [2008]).

Here, the defendant submitted evidence that the college the parties' child was attending required him to be registered for a minimum of 12 credits a semester in order to be considered a full-time student. Inasmuch as the parties' child was enrolled in less than 12 credits at the time of the defendant's motion, the Supreme Court properly determined, based on the college's criteria, that he was not a full-time student (*see Bjerke v Bjerke*, 69 AD3d 1042 [2010]). Moreover, since he was also 21 years old, the court properly determined that he was emancipated pursuant to the terms of the parties' stipulation of settlement (*see Hannigan v Hannigan*, 104 AD3d 732, 736-737 [2013]).

The plaintiff's remaining contentions are either not properly before this Court or without merit.

Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for a declaration that the child was emancipated as of December 22, 2014, to terminate his child support and maintenance obligations, and to vacate the order dated October 13, 2011, and denied the plaintiff's cross motion. Hall, J.P., Roman, LaSalle and Barros, JJ., concur.