◼ CHRISTINE L. ROSNER, Respondent, v NORMAN M. ROSNER, Appellant. (Matter No. 1.) In the Matter of NORMAN M. ROSNER, Appellant, v CHRISTINE L. ROSNER, Respondent. (Matter No. 2.) [39 NYS3d 247]—

Appeal by Norman M. Rosner from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), entered June 26, 2014. The order, inter alia, granted those branches of the motion of Christine L. Rosner which were to recover real estate taxes which she paid on Norman M. Rosner's behalf, to recover Norman M. Rosner's share of the children's health insurance costs and unreimbursed medical expenses, and to direct the sale of the former marital residence, denied Norman M. Rosner's cross motion, among other things, to recover damages for fraudulent conversion, and dismissed his petitions for an upward modification of Christine L. Rosner's child support obligation and for an award of child support arrears.

Ordered that the order is affirmed, with costs.

The parties were married in September 1991, and have two children. In 2008, Christine L. Rosner (hereinafter the plaintiff) commenced an action for a divorce and ancillary relief. The parties entered into a stipulation of settlement dated June 16, 2010 (hereinafter the stipulation), which was incorporated but not merged into a judgment of divorce dated October 15, 2010. Pursuant to the stipulation, the parties agreed that Norman M. Rosner (hereinafter the defendant) shall have the exclusive

right to continue to reside in the former marital residence until five years from the execution of the stipulation, at which time the marital residence would be sold. The stipulation further provided that if, "prior to the five years from the date of the execution" of the stipulation, the defendant was "financially unable to pay for the expenses" of the marital residence, the marital residence would be sold. Additionally, under the stipulation, the defendant was required to pay all the expenses of the marital residence, except for the mortgage. The plaintiff was required to pay the mortgage on the marital residence, which totaled approximately $3,000 per month, as well as to pay the defendant $1,500 in child support. The parties were required to equally share the cost of the children's health insurance and unreimbursed medical expenses.

In December 2013, the plaintiff moved, inter alia, to recover certain real estate taxes which the plaintiff paid on the defendant's behalf, to recover the defendant's share of the children's health-insurance costs and unreimbursed medical expenses, and to direct the sale of the former marital residence. The defendant cross-moved, among other things, to recover damages for fraudulent conversion. The defendant also filed two petitions under the same index number in the Family Court, Westchester County, seeking, inter alia, an upward modification of the plaintiff's child support obligation and an award of child support arrears. The Family Court proceeding was thereafter consolidated with the divorce action, and heard with the subject motion and cross motion.

After a hearing, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to recover certain real estate taxes which she paid on the defendant's behalf, to recover the defendant's share of the children's health insurance costs and unreimbursed medical expenses, and to direct the sale of the former marital residence, denied the defendant's cross motion, and dismissed the defendant's Family Court petitions. The defendant appeals.

" 'A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation' " (*Frances v Frances*, 140 AD3d 1114, 1115 [2016], quoting *Rosenberger v Rosenberger*, 63 AD3d 898, 899 [2009]; *see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]; *Matter of Tannenbaum v Gilberg*, 134 AD3d 846, 847 [2015]; *Kraus v Kraus*, 131 AD3d 94, 100 [2015]; *Ackermann v Ackermann*, 82 AD3d 1020 [2011]). "The terms thereof 'operate as contractual obligations binding on the parties' " (*Ackermann v Ackermann*, 82 AD3d at 1020,

quoting *Nelson v Nelson*, 75 AD3d 593, 593 [2010]). Therefore, a court should interpret a stipulation of settlement " 'in accordance with its plain and ordinary meaning' " (*Ackermann v Ackermann*, 82 AD3d at 1020, quoting *Rauso v Rauso*, 73 AD3d 888, 889 [2010]). "Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence" (*Rosenberger v Rosenberger*, 63 AD3d at 899; *see Ackermann v Ackermann*, 82 AD3d at 1021).

Here, the plaintiff established that the defendant failed to pay certain real estate taxes on the former marital property, as required by the stipulation. Thus, pursuant to the clear and unambiguous language of the stipulation, the Supreme Court properly directed that the former marital residence be sold. Similarly, the court correctly granted those branches of the plaintiff's motion which were to recover the defendant's share of the children's health insurance costs and unreimbursed medical expenses. Consistent with the terms of the stipulation, the parties were to share equally the cost of the children's health insurance costs and unreimbursed medical expenses.

The defendant's remaining contentions are without merit. Rivera, J.P., Leventhal, Maltese and Barros, JJ., concur.