■ SARAH DeCAMELLO, Respondent, v ANTHONY DeCAMELLO, Appellant. [56 NYS3d 524]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (Edward A. Maron, J.), dated March 16, 2015. The order granted the plaintiff's motion for (1) a money judgment in the principal sum of $7,258.49 for child support arrears, unreimbursed medical expenses incurred on behalf of the subject child, and medical expenses incurred on behalf of the plaintiff, (2) an award of additional arrears that accrued between the date of the motion and the date of the order, and (3) an award of attorney's fees in the sum of $2,500.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for an award of attorney's fees in the sum of $2,500, and substituting therefor a provision granting that branch of the plaintiff's motion only to the extent of awarding the plaintiff the sum of $855 in attorney's fees; as so modified, the order is affirmed, and the subsequent money judgment dated November 12, 2015, entered upon the order, is vacated; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the issue of the amount of additional arrears owed by the defendant to the plaintiff for the period between the date of the plaintiff's motion and the date of the order appealed from in accordance herewith, and for the entry of an appropriate money judgment in that amount thereafter; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The parties were married and have one child. They were divorced in April 2013. Prior to the divorce, they entered into a stipulation of settlement (hereinafter the stipulation), which was incorporated but not merged into a judgment of divorce dated April 2, 2013. The stipulation provided that the defendant would pay 40% of reasonable college expenses for the child and the child's unreimbursed medical expenses. The plaintiff moved for (1) a money judgment in the principal sum of $7,258.49 for child support arrears, unreimbursed medical expenses incurred on behalf of the child, and medical expenses incurred on behalf of the plaintiff, (2) an award of additional

arrears that accrued between the date of her motion and the date of the court's order deciding that motion, and (3) an award of attorney's fees in the sum of $2,500.

In the order appealed from, dated March 16, 2015, the Supreme Court granted the plaintiff's motion. Thereafter, in a money judgment dated November 12, 2015, the court awarded the plaintiff the principal sum of $9,881.93, which was comprised of $7,258.49 for child support arrears, unreimbursed medical expenses incurred on behalf of the child, and medical expenses incurred on behalf of the plaintiff, and $2,623.44 for additional arrears that accrued between the date of the motion and the date of the order. The money judgment did not include an award of attorney's fees. The defendant appeals.

" 'A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation' " (*Frances v Frances*, 140 AD3d 1114, 1115 [2016], quoting *Rosenberger v Rosenberger*, 63 AD3d 898, 899 [2009]; *see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]; *Rosner v Rosner*, 143 AD3d 882, 883 [2016]; *Matter of Tannenbaum v Gilberg*, 134 AD3d 846, 847 [2015]; *Kraus v Kraus*, 131 AD3d 94, 100 [2015]; *Ackermann v Ackermann*, 82 AD3d 1020 [2011]). "The terms thereof 'operate as contractual obligations binding on the parties' " (*Ackermann v Ackermann*, 82 AD3d at 1020, quoting *Nelson v Nelson*, 75 AD3d 593, 593 [2010]). Therefore, a court should interpret a stipulation of settlement " 'in accordance with its plain and ordinary meaning' " (*Ackermann v Ackermann*, 82 AD3d at 1020, quoting *Rauso v Rauso*, 73 AD3d 888, 889 [2010]). "Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence" (*Rosenberger v Rosenberger*, 63 AD3d at 899; *see Ackermann v Ackermann*, 82 AD3d at 1021).

Here, the plaintiff established that the defendant failed to reimburse her, as required by the stipulation, for certain child support arrears, unreimbursed medical expenses for the child, and medical expenses incurred by the plaintiff. Thus, pursuant to the clear and unambiguous language of the stipulation, the Supreme Court properly awarded the plaintiff the principal sum of $7,258.49 for these arrears and expenses.

In addition, the Supreme Court properly granted that branch of the plaintiff's motion which was for additional arrears that accrued between the date of the plaintiff's motion and the date of the order deciding the motion. However, the plaintiff failed to fully document the amount of additional arrears owed by the

defendant for that period. Accordingly, based upon the particular facts of this case, upon remittal, the court must make a new determination of the amount owed by the defendant to the plaintiff for the period between the filing of her motion and the order deciding that motion, after allowing the defendant an opportunity to oppose the amount sought by the plaintiff, and should enter an appropriate money judgment in that amount thereafter.

The Supreme Court erred in granting that branch of the plaintiff's motion which was for an award of attorney's fees in the sum of $2,500. The documentation submitted in support of that branch of the plaintiff's motion only established that the plaintiff had incurred attorney's fees in the sum of $855 (see *Marshall v Marshall*, 1 AD3d 323, 324 [2003]; *Reynolds v Reynolds*, 300 AD2d 645, 646 [2002]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion only to the extent of awarding the plaintiff the sum of $855. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.