Schonfeld v Saucedo (2018 NY Slip Op 01495)





Schonfeld v Saucedo


2018 NY Slip Op 01495


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2016-03670
 (Index No. 607606/15)

[*1]Steven B. Schonfeld, respondent, 
v
Sidra Saucedo, appellant.


Jill M. Zuccardy, New York, NY, for appellant.
Gassman Baiamonte Betts, P.C., Garden City, NY (Karen Bodner of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that, at any time when the defendant's parenting access with the parties' child is suspended, terminated, or prohibited by a court, the plaintiff is not required to make any payments pursuant to paragraph 26 of a stipulation between the parties, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered March 29, 2016, as denied her motion for summary judgment dismissing the first cause of action and summary judgment on so much of her second counterclaim as sought a judgment declaring, in effect, that the plaintiff is required to make payments pursuant to paragraph 26 of the stipulation regardless of whether her parenting access with the child is suspended, terminated, or prohibited by a court, and granted the plaintiff's cross motion for summary judgment on the first cause of action and to compel the defendant to accept the plaintiff's late reply to the counterclaims.
ORDERED that the order is modified, on the law, by (1) deleting the provision thereof denying the defendant's motion for summary judgment dismissing the first cause of action and summary judgment on so much of her second counterclaim as sought a judgment declaring, in effect, that the plaintiff is required to make payments pursuant to paragraph 26 of the stipulation regardless of whether her parenting access with the child is suspended, terminated, or prohibited, and substituting therefor a provision granting that motion, and (2) deleting the provision thereof granting that branch of the plaintiff's cross motion which was for summary judgment on the first cause of action, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment making the appropriate declaration in accordance herewith.
The parties, who were never married, have one child together. In January 2012, the parties entered into a stipulation in which they agreed that the plaintiff would have sole legal and residential custody of the child. The defendant was granted "access time" with the child. Paragraph 26 of the stipulation required the plaintiff to pay to the defendant, "as and for his contribution to the expenses [the defendant] incurs for the Child during her access times with the child," the sum of $15,000 per month until the child turned 21 years old. That paragraph further provided that "[u]nder no circumstances" would the "payments . . . ever be less than $15,000 a month."
The plaintiff thereafter filed, by an order to show cause, a motion to suspend the defendant's access time. The Supreme Court temporarily granted that relief pending a hearing on the motion. The plaintiff then commenced this action, inter alia, for a judgment declaring that he is not required to make the payments provided for under paragraph 26 of the stipulation at any time when the defendant's access time is suspended, terminated, or prohibited by a court. The defendant answered and asserted counterclaims. In her second counterclaim, the defendant sought, inter alia, a declaration, in effect, that the plaintiff is required to make payments in accordance with paragraph 26 of the stipulation regardless of whether her parenting access with the child is suspended, terminated, or prohibited by a court.
The defendant moved for summary judgment on that portion of the second counterclaim and dismissing the plaintiff's first cause of action, which sought the declaration at issue. The plaintiff cross-moved for summary judgment on his first cause of action and to compel the defendant to accept his late reply to her counterclaims. The Supreme Court, inter alia, denied the defendant's motion and granted the plaintiff's cross motion.
Contrary to the defendant's contention, since she was not prejudiced by the short delay in the service of the reply to her counterclaims, and in light of the lack of willfulness on the part of the plaintiff, a reasonable excuse for the default, the existence of a potentially meritorious defense, and the public policy favoring the resolution of cases on the merits, the Supreme Court did not improvidently exercise its discretion in granting that branch of the plaintiff's cross motion which was to compel the defendant to accept his late reply to her counterclaims (see Meekins v Turner Towers Tenants Corp., 132 AD3d 963; Evans v Sandoval, 121 AD3d 1037; Hutchinson v New York City Health & Hosps. Corp., 118 AD3d 945).
However, the Supreme Court erred in its interpretation of paragraph 26 of the parties' stipulation. "A stipulation of settlement is a contract subject to [the] principles of contract interpretation, and a court should interpret the contract in accordance with its plain and ordinary meaning'" (O'Brien v O'Brien, 115 AD3d 720, 723, quoting Matter of Filosa v Donnelly, 94 AD3d 760, 760). "Where such an agreement is clear and unambiguous on its face, the parties' intent must be construed from the four corners of the agreement, and not from extrinsic evidence" (Herzfeld v Herzfeld, 50 AD3d 851, 851-852). Further, " [a] court should not, under the guise of contract interpretation, imply a term which the parties themselves failed to insert or otherwise rewrite the contract'" (O'Brien v O'Brien, 115 AD3d at 723, quoting Penavic v Penavic, 88 AD3d 671, 672).
Here, the provision requiring the plaintiff to "pay to [the defendant], as and for his contribution to the expenses [the defendant] incurs for the Child during her access times with the Child, the sum of $15,000 a month," does not contain any conditional terms or require that the payments bear any relationship to the actual expenses the defendant incurs for access time. Thus, the "as and for" clause reads more naturally as an explanation of the payments than as a condition or limitation on them. In the same vein, while the provision provides for "earlier termination" of the payments if the defendant dies, it does not specify that the payments will be suspended or terminated in the event the defendant temporarily or permanently does not have access time with the child.
Significantly, the plaintiff does not contend that he is excused from making payments under paragraph 26, or is entitled to reimbursement of a payment, for any month when the defendant simply does not visit with the child. Rather, he explicitly seeks a declaration excusing those payments for any time the defendant's access rights are prohibited "by a court of competent jurisdiction." Yet, given its language, there is no reason to interpret paragraph 26 as excusing the plaintiff from making a monthly payment because the defendant has been precluded by a court from exercising her access time, while still requiring him to make the payment during a month or months when the defendant simply fails to visit with the child.
Since the parties failed to include a provision for the suspension or termination of the plaintiff's payments in the event the defendant is precluded from exercising her access time, to so interpret paragraph 26 would be to imply a term which the parties themselves failed to insert (see O'Brien v O'Brien, 115 AD3d at 723; Penavic v Penavic, 88 AD3d at 672; Herr v Herr, 5 AD3d 550, 551-552).
Accordingly, the Supreme Court should have granted the defendant's motion and denied that branch of the plaintiff's cross motion which was for summary judgment on his first cause of action. Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of an appropriate declaratory judgment (see Lanza v Wagner, 11 NY2d 317, 334).
HALL, J.P., SGROI and DUFFY, JJ., concur.
MALTESE, J., concurs in part and dissents in part, and votes to affirm the order insofar as appealed from and remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that, at any time when the defendant's parenting access with the child is suspended, terminated, or prohibited by a court, the plaintiff is not required to make any payments pursuant to paragraph 26 of a stipulation between the parties dated January 10, 2012, with the following memorandum:
After their child was born in January 2005, the parties entered into an agreement with respect to the custody of, access to, and child support for the child in Texas, which was incorporated into and embodied in an order known as the "Agreed Order in Suit to Modify the Parent Child Relationship," dated November 12, 2008. In July 2010, the plaintiff commenced a proceeding in the Family Court, Nassau County, seeking sole custody of the child, and the defendant cross-moved for sole custody. That proceeding was resolved by a 33-page stipulation, which was executed and notarized on January 10, 2012.
Pursuant to the stipulation, the parties agreed that the plaintiff would have sole legal and residential custody and the defendant would have "access time" with the child for approximately one week per month. Paragraph 26 of the stipulation required the plaintiff to pay to the defendant "as and for his contribution to the expenses [the defendant] incurs for the Child during her access times with the Child," the sum of $15,000 per month until the child turned 21 years old. That paragraph further provided that "[u]nder no circumstances" would the "payments . . . ever be less than $15,000 a month except for any reductions and setoffs as provided in this Stipulation." Paragraph 27 of the stipulation provided that the parties were aware of the Child Support Standards Act (hereinafter the CSSA), were aware that the plaintiff's monthly payments deviated from the basic support obligation required under the CSSA, and agreed "to such deviation based on the financial resources of the parties . . . and [the plaintiff's] desire to assist [the defendant] with the expenses she incurs for the child during her access periods" (emphasis added).
The stipulation further required the plaintiff, "[a]s and for an additional contribution . . . to the expenses [the defendant] incurs for the Child during her access times," to make a tax-free lump sum child support payment in the sum of $840,000, to be used by the defendant for investment or reinvestment purposes only. The plaintiff also agreed to pay for medical and dental insurance for the child, the defendant, and the defendant's two other children by different fathers. His obligation to pay for medical and dental insurance for the defendant and the child would continue "during their lifetimes until the Child is twenty-one years old or until the child support payments set forth in paragraph 26 terminate."
After the stipulation was signed, the plaintiff made his payments and the defendant had access time with the child. However, in December 2013, the plaintiff moved in the Supreme Court to suspend the defendant's access time with the child, and the attorney for the child supported the motion. By order dated October 10, 2014, the Supreme Court (Bennett, J.) temporarily granted that relief pending a hearing on the motion, noting that the defendant had been hospitalized "due to drug toxicity" and that her two-year-old son had been removed from her care by a child protective agency. The plaintiff then moved to suspend his obligation to pay monthly "support" pursuant to paragraph 26 of the stipulation. The court granted the motion to the extent of directing him to deposit the sum of $15,000 per month in escrow pending the final determination of whether the defendant could resume access time with the child. However, the court later vacated the order directing the plaintiff to place the monthly payments in escrow.
As set forth in the majority's factual recitation, the plaintiff commenced this action [*2]in November 2015 seeking, inter alia, a judgment declaring that, pursuant to the stipulation, he is not required to make the support payments to the defendant at any time when her access time with the child is suspended, terminated, or prohibited by court order. The defendant asserted a counterclaim for the contrary declaration—i.e., that the plaintiff is required to make monthly payments pursuant to the stipulation regardless of whether her access time with the child has been prohibited by a court order. The defendant moved for summary judgment and the plaintiff cross-moved for summary judgment and to compel the defendant to accept his late reply to her counterclaims. The Supreme Court (Galasso, J.), inter alia, denied the defendant's motion and granted the plaintiff's cross motion.
I agree with my colleagues in the majority that the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross motion which was to compel the defendant to accept his late reply to her counterclaims (see generally CPLR 2004; EHS Quickstops Corp. v GRJH, Inc., 112 AD3d 577, 578).
However, contrary to the view of my colleagues in the majority, I agree with the Supreme Court's interpretation of the stipulation regarding the plaintiff's monthly support payments. As observed by the majority, "[a] stipulation of settlement is a contract subject to [the] principles of contract interpretation, and a court should interpret the contract in accordance with its plain and ordinary meaning'" (O'Brien v O'Brien, 115 AD3d 720, 723, quoting Matter of Filosa v Donnelly, 94 AD3d 760, 760; see Fleming v Fleming, 137 AD3d 1206, 1207). "When interpreting a contract . . . the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Matter of Schiano v Hirsch, 22 AD3d 502, 502; see Matter of McCarthy v McCarthy, 129 AD3d 970, 971; Matter of Pizzuto v Pizzuto, 129 AD3d 846, 847).
Here, paragraph 26 of the stipulation, requiring the plaintiff to "pay to [the defendant], as and for his contribution to the expenses [the defendant] incurs for the Child during her access times with the Child, the sum of $15,000 a month," must be read in the context of the entire stipulation, including the provision whereby the parties stated that they had settled the issues of custody, access to the child, and child support during a court proceeding in Texas in 2008, in part, because of the plaintiff's "desire to assist [the defendant] with the expenses she incurs for the Child during her access periods." Reading the stipulation as a whole, the Supreme Court concluded that paragraph 26 unambiguously provides that the plaintiff's monthly payment obligation "is for the expenses [the defendant] incurs for the child during her access times with the child," and is not "simply a monthly payment for [the defendant's] benefit" that must be made even when a court order prohibits her from having access time with the now-12-year-old child. In my view, the court reached "a practical interpretation of the expressions of the parties" consistent with what should have been their "reasonable expectations" (Matter of Pizzuto v Pizzuto, 129 AD3d at 847 [internal quotation marks omitted]; see Hyland v Hyland, 63 AD3d 1106, 1107).
Accordingly, I would affirm the Supreme Court's order insofar as appealed from, including the provision granting that branch of the plaintiff's cross motion which was for summary judgment on his cause of action seeking a judgment declaring that he is not required to make any payments pursuant to paragraph 26 of the stipulation at any time when the defendant's access time with the child is suspended, terminated, or prohibited by a court. Since this is, in part, a declaratory judgment action, I would remit the matter to the Supreme Court, Nassau County, for the entry of an appropriate declaratory judgment (see Lanza v Wagner, 11 NY2d 317, 334).
ENTER:
Aprilanne Agostino
Clerk of the Court