Levi-Marchessault v Marchessault (2018 NY Slip Op 03969)





Levi-Marchessault v Marchessault


2018 NY Slip Op 03969


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-04778
 (Index No. 27093/09)

[*1]Janet Levi-Marchessault, respondent, 
v
Andrew Marchessault, appellant.


Ray, Mitev & Associates, Miller Place, NY (Vesselin Mitev of counsel), for appellant.
Charles Gleis, P.C., Saint James, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated March 29, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for a money judgment against the defendant in the sum of $47,681.68 for college expenses incurred on behalf of the parties' two younger children and for an award of attorneys' fees to the extent of awarding her $5,000.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties in this matrimonial action, who were divorced in March 2012, have four children born of the marriage. In November 2011, the parties entered into a stipulation of settlement that was incorporated, but not merged, into the judgment of divorce. The stipulation provided that the parties were each obligated to cover 50% of their children's college expenses. In September 2015, the plaintiff moved, inter alia, for a money judgment against the defendant in the sum of $47,681.68 to reimburse the plaintiff for the defendant's share of college expenses the plaintiff had incurred for the two younger children, and for an award of attorneys' fees. In an order dated March 29, 2016, the Supreme Court granted those branches of the plaintiff's motion, directing the entry of a money judgment in her favor in the sum of $47,681.68 and awarding her attorneys' fees in the sum of $5,000. The defendant appeals.
" A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation'" (DeCamello v DeCamello, 151 AD3d 804, 805, quoting Frances v Frances, 140 AD3d 1114, 1115 [internal quotation marks omitted]; see Matter of Meccico v Meccico, 76 NY2d 822, 823-824; Rosner v Rosner, 143 AD3d 882, 883; Matter of Tannenbaum v Gilberg, 134 AD3d 846, 847; Kraus v Kraus, 131 AD3d 94, 100; Ackermann v Ackermann, 82 AD3d 1020). "The terms thereof operate as contractual obligations binding on the parties'" (Ackermann v Ackermann, 82 AD3d at 1020, quoting Nelson v Nelson, 75 AD3d 593, 593). "Therefore, a court should interpret a stipulation of settlement in accordance with its plain and ordinary meaning'" (DeCamello v DeCamello, 151 AD3d at 805, quoting Ackermann v Ackermann, 82 AD3d at 1020 [internal quotation marks omitted]; see Rauso v Rauso, 73 AD3d 888, 889). "Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic [*2]evidence" (Rosenberger v Rosenberger, 63 AD3d 898, 899; see DeCamello v DeCamello, 151 AD3d at 805; Ackermann v Ackermann, 82 AD3d at 1021).
Here, the plaintiff established that the defendant failed to reimburse her, as required by the stipulation, for college expenses she incurred for the parties' two younger children. Thus, in light of the clear and unambiguous language of the stipulation, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for a money judgment in her favor in the sum of $47,681.68 for the defendant's share of those expenses.
Moreover, under the circumstances of this case, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for an award of attorneys' fees to the extent of awarding her $5,000.
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court