Matter of Blonder v Blonder (2019 NY Slip Op 02864)





Matter of Blonder v Blonder


2019 NY Slip Op 02864


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2018-10307
 (Docket No. F-12565-17/17A)

[*1]In the Matter of Patti Blonder, respondent,
v
Evan Blonder, appellant.


Johannesen & Johannesen, PLLC, Rocky Point, NY (Richard Johannesen of counsel), for appellant.
Berger, Fischoff, Shumer, Wexler & Goodman, LLP, Syosset, NY (Brad A. Schlossberg of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, Evan Blonder appeals from an order of the Family Court, Suffolk County (David Morris, J.), dated August 10, 2018. The order (1) denied Evan Blonder's objections to an order of the same court (Kathryn L. Coward, S.M.) dated May 21, 2018, which, after a hearing, granted Patti Blonder's petition to enforce the maintenance provision of the parties' judgment of divorce and directed Evan Blonder to pay Patti Blonder maintenance arrears in the sum of $25,000, and (2) denied Evan Blonder's objections to an order of the same court (Kathryn L. Coward, S.M.) dated May 25, 2018, which dismissed his motion to set aside the maintenance provision of the parties' judgment of divorce.
ORDERED that the order dated August 10, 2018, is affirmed, with costs.
The parties, Evan Blonder (hereinafter the appellant) and Patti Blonder (hereinafter the respondent), were married on February 16, 1991, and have three children. They entered into a separation agreement on August 29, 2012, which was incorporated but not merged into their subsequent judgment of divorce. In relevant part, the separation agreement provided that the appellant would pay the respondent maintenance for a total of seven years, noting that "maintenance payments to the [respondent] shall end upon the death or remarriage of the [respondent], or the death of the [appellant]." The separation agreement also provided the respondent with exclusive occupancy of the marital home until the parties' youngest child turned 18 or graduated high school, the respondent's remarriage, or the respondent's cohabitation with an unrelated individual.
The appellant commenced an action to sell the marital home upon the respondent's cohabitation with another man. In May 2016, the parties entered into an amendment to the separation agreement in which they agreed to sell the marital home. The amendment did not modify the appellant's maintenance obligation. In July 2017, the appellant stopped paying the respondent maintenance, alleging that the respondent was "holding [herself] out" as another man's wife.
The respondent commenced this proceeding in the Family Court to enforce the judgment of divorce as it pertained to the appellant's maintenance obligation. After a hearing, in an order dated May 21, 2018, the Support Magistrate determined that the appellant's maintenance [*2]obligation should continue and directed him to pay the respondent maintenance arrears in the sum of $25,000. The appellant then filed an order to show cause seeking to set aside the maintenance provision of the parties' judgment of divorce. In an order dated May 25, 2018, the Support Magistrate dismissed the appellant's motion. The appellant filed objections to both orders of the Support Magistrate, and the Family Court denied the objections.
"The Family Court is a court of limited jurisdiction and is without the power to set aside or modify the terms of a settlement agreement" (Matter of Huddleston v Huddleston, 14 AD3d 511, 512; see Matter of Duggan v Duggan, 83 AD3d 703, 704; Matter of McKeown v Woessner, 249 AD2d 396, 397). Furthermore, "this power cannot be conferred upon [the Family Court] by agreement of the parties" (Kleila v Kleila, 50 NY2d 277, 282; see Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366). Contrary to the appellant's contention, the Support Magistrate did not err in dismissing his motion, because the Family Court lacked the jurisdiction to modify the terms of the parties' separation agreement.
" A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation'" (Rosner v Rosner, 143 AD3d 882, 883, quoting Frances v Frances, 140 AD3d 1114, 1115; see DeCamello v DeCamello, 151 AD3d 804, 805; Matter of Gucker v Gucker, 144 AD3d 798, 799). " A court may not write into a contract conditions the parties did not insert . . . and it may not construe the language in such a way as would distort the . . . apparent meaning'" (Matter of Crawley v Crawley, 152 AD3d 510, 511, quoting Matter of Miller v Fitzpatrick, 147 AD3d 845, 847; see Cleva v Cleva, 139 AD3d 785, 786; Fleming v Fleming, 137 AD3d 1206, 1207). "Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence" (Clark v Clark, 33 AD3d 836, 837; see Levi-Marchessault v Marchessault, 162 AD3d 650, 651; DeCamello v DeCamello, 151 AD3d at 805; Fleming v Fleming, 137 AD3d at 1207). "The proper inquiry when determining whether an agreement is ambiguous is whether the agreement on its face is reasonably susceptible of more than one interpretation'" (Clark v Clark, 33 AD3d at 837, quoting Chimart Assoc. v Paul, 66 NY2d 570, 573; see Matter of Crawley v Crawley, 152 AD3d at 511-512). Here, the term "remarriage" as used in the maintenance provision of the parties' separation agreement is unambiguous and not subject to interpretation. That cohabitation was mentioned in another article of the separation agreement as a terminating event, but not when discussing maintenance, further supports the conclusion that nothing less than the respondent's actual remarriage would terminate the appellant's maintenance obligation.
Furthermore, contrary to the appellant's contention, "the court cannot alter [an] independently enforceable contract in order to include the provisions of Domestic Relations Law § 248" (Karl v Karl, 138 AD2d 354, 355).
Accordingly, we agree with the Family Court's determination to deny the appellant's objections to the Support Magistrate's orders.
RIVERA, J.P., BALKIN, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court