Pape v Pape (2022 NY Slip Op 03246)

Pape v Pape

2022 NY Slip Op 03246

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-03061
 (Index No. 4972/14)

[*1]Kelly Pape, appellant,
v
Martin Pape, respondent.

Quatela Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri and Tristan J. Werfelman of counsel), for appellant.
Long Tuminello, LLP, Bay Shore, NY (Jared R. Artura of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated May 19, 2016, and a related child support proceeding that was transferred to the Supreme Court, Suffolk County, and consolidated with the matrimonial action for disposition, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated February 21, 2020. The order, without a hearing, in effect, denied the plaintiff's petition to enforce the provisions of the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, governing college expenses for the parties' children, and dismissed the proceeding.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.
The parties are divorced and have two children together. The parties entered into a stipulation of settlement dated December 10, 2015 (hereinafter the stipulation), which was incorporated but not merged into their judgment of divorce dated May 19, 2016. Article XVII of the stipulation, entitled "College Education," provided, in relevant part, that "[t]he parties shall share the costs and expenses for the college education for the infant issue. The [plaintiff] shall pay fifty (50%) percent of the costs and expenses for the child's [sic] college education and the [defendant] shall pay fifty (50%) of said costs and expenses." Article XVII further provided that "[t]he parties['] liability for payment of said costs and expenses is limited to four years of college."
In September 2019, the plaintiff filed a petition in the Family Court, Suffolk County, seeking to enforce the provisions of the stipulation governing the parties' obligations to contribute to the children's college education expenses and costs. At the time, the parties' older child was 21 years old and their younger child was 18 years old. On the plaintiff's application, the proceeding was transferred to the Supreme Court, Suffolk County.
The parties disputed when the defendant's obligation to contribute to the children's college education expenses and costs terminated. The plaintiff contended that the defendant was obligated to pay 50% of each child's college education expenses and costs for a period of four years, irrespective of the age of the child. The defendant, on the other hand, contended that his obligation to contribute to college expenses and costs terminated when the child reached the age of 21. In an order dated February 21, 2020, the Supreme Court, without a hearing, upon determining that, pursuant to the stipulation, the defendant was only obligated to contribute to the college education [*2]expenses and costs for the parties' children until the children turned 21 years old, in effect, denied the petition and dismissed the proceeding. The plaintiff appeals.
In the absence of a voluntary agreement, a parent may not be directed to contribute to the college education of a child who has attained the age of 21 years (see Sinnott v Sinnott, 194 AD3d 868, 878; Matter of Calvello v Calvello, 20 AD3d 525, 527; Miller v Miller, 299 AD2d 463, 464). In interpreting a stipulation of settlement to determine whether an agreement to contribute to the college expenses of a child older than 21 is present, "the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Cleva v Cleva, 139 AD3d 785, 786 [internal quotation marks omitted]). "A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, nor may it construe the language in such a way as would distort the contract's apparent meaning" (Fleming v Fleming, 137 AD3d 1206, 1207 [internal quotation marks omitted]).
Here, contrary to the Supreme Court's determination, the stipulation clearly and unambiguously required the defendant to pay 50% of the costs and expenses for each child's college education for a total of four years, though his obligation to contribute to room and board expenses would be offset by any child support payments he made during that time. Contrary to the defendant's contention, no age limitation or restriction was placed on his obligation to pay his share of these costs and expenses, and the stipulation cannot be fairly interpreted to provide that this obligation terminated upon the child's emancipation (see Matter of Block-Iaconetti v Iaconetti, 176 AD3d 1051, 1054; Hejna v Reilly, 88 AD3d 1119, 1120-1121; Winski v Kane, 33 AD3d 697, 698; Matter of Schiano v Hirsch, 22 AD3d 502, 502-503).
Accordingly, the matter must be remitted to the Supreme Court for a hearing and a new determination thereafter of the plaintiff's petition (see Family Ct Act § 454[1]).
IANNACCI, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court