■ In the Matter of EIGHTY-EIGHT BLEECKER COMPANY, LLC, Appellant, v 88 BLEECKER STREET OWNERS, INC., Respondent. [797 NYS2d 433]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered August 5, 2004, which denied the petition for a permanent stay of arbitration with respect to any and all issues other than respondent's annual cost of maintaining the demised premises for the period January 1 to December 31, 2000, unanimously reversed, on the law, with costs, and the petition granted. Appeal from order, same court and Justice, entered on or about November 8, 2004, which denied petitioner's motion for modification of the prior order to specify that the relevant period for calculating respondent's cost of maintaining the demised premises is January 1 to December 31, 2000, unanimously dismissed, without costs, as academic in light of the foregoing.

The motion court correctly held that the inclusion of the words "any dispute" in the "[i]ndisputably narrow" arbitration clause in the parties' lease encompasses all of the possible issues that arise concerning how respondent landlord determined the cost of maintaining the subject premises. However, just as it held in abeyance the issue of attorneys' fees and interest on any back rent due respondent pending the conclusion of the arbitration, it should also have held in abeyance the issue of back rent, which involves a simple calculation, until determination by the arbitrator of respondent's cost of maintaining the subject premises, the only issue the parties agreed to arbitrate.

To the extent that it may be disputed by the parties, it is obvious from the terms of the lease that the time period relevant to such issue is January 1 to December 31, 2000, and the motion court should have so specified. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.