■ Joyce Meshel, Appellant, v Jeffrey Meshel, Respondent. [45 NYS3d 423]—

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered March 9, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiff mother's motion to direct defendant father to cease deducting the parties' son's college expenses for room and board from defendant's child support payments for the parties' daughter and to direct him to pay the resulting child support arrears in the amount of $3,073, and granted defendant's cross motion to direct plaintiff to pay defendant's counsel fees of $3,000, unanimously modified, on the

law and the facts, to deny defendant's cross motion for attorneys' fees, and otherwise affirmed, without costs.

The parties entered into a stipulation of settlement regarding permanent custody, pursuant to which plaintiff had sole legal and primary residential custody of the parties' two children. The parties further entered into a stipulation resolving the parties' financial issues, which provided that defendant would pay $6,000 per month for the support of the children. Both the custody and financial stipulations were incorporated into, but not merged with, the judgment of divorce, which provided, inter alia, that defendant shall be entitled to a full credit against all such monthly child support payments for any and all amounts he contributes toward the cost of the son's room and board while away at college, provided, however, that the annual amount of the credit shall not exceed $24,000 per year until the son's graduation from college.

On July 9, 2013, the parties entered into a stipulation (revised stipulation), which, among other things, modified the custody and financial stipulations and judgment of divorce by granting defendant sole legal and physical custody of the parties' son, and providing that, for the support of the parties' daughter, defendant would pay the sum of $5,000 per month instead of the $6,000 per month for the support of both children.

In September 2015, after the parties' son began attending college in Florida, defendant notified plaintiff that he would be deducting the amount of $1,473 from his monthly child support payments, representing certain of the parties' son's college expenses in the purported amount of $16,205 per year, amortized over 11 months. In October 2015, defendant deducted an additional $127 from his payment, purportedly for an unauthorized purchase at a clothing store made on his credit card.

We find that the motion court correctly concluded that the revised stipulation did not modify the divorce judgment's provision regarding college room and board credit. A stipulation in a matrimonial action is a contract subject to the principles of contract interpretation (*see Rainbow v Swisher*, 72 NY2d 106, 109 [1988]). Thus, where the terms of a written contract are clear and unambiguous, and the intent of the parties can be gleaned from the four corners of the document, the contract should be enforced in accordance with its plain meaning (*see Lobacz v Lobacz*, 72 AD3d 653, 654 [2d Dept 2010]; *Colucci v Colucci*, 54 AD3d 710, 712 [2d Dept 2008]). Here, the revised stipulation was completely unambiguous and clear that the

only modification made was the $1,000 reduction in child support. As such, defendant was entitled to deduct the room and board charges set forth in the college billing statement from his monthly child support payments.

Finally, we find that the motion court improvidently awarded defendant attorneys' fees (22 NYCRR 130-1.1). Although plaintiff did not prevail on the central issue in this enforcement proceeding, we do not find her motion to be frivolous (*see e.g. Grossman v Pendant Realty Corp.*, 221 AD2d 240 [1st Dept 1995], *lv dismissed* 88 NY2d 919 [1996]). Concur—Acosta, J.P., Andrias, Moskowitz, Gische and Webber, JJ.