Meshel v Meshel (2022 NY Slip Op 00130)





Meshel v Meshel


2022 NY Slip Op 00130


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Renwick, J.P., Kapnick, Moulton, Kennedy, Scarpulla, JJ. 


Index No. 350604/04 Appeal No. 15018-15018A Case No. 2021-01269 

[*1]Joyce Meshel, Plaintiff-Appellant,
v
Jeffrey Meshel, Defendant-Respondent.


Marzano Lawyers PLLC, New York (Naved Amed of counsel), for appellant.
Law Office of Mark S. Helweil, New York (Stacy L. Ceslowitz of counsel), for respondent.



Orders, Supreme Court, New York County (Lori Sattler, J.), entered August 27, 2021, which, to the extent appealed from as limited by the briefs, confirmed the portion of a November 18, 2019 report by the Special Referee that credited room expenses paid by defendant father for the oldest child for the 2016-2017 and 2017-2018 academic years against his child support, unanimously affirmed, without costs.
In a prior appeal in this case, we determined that the father was entitled to a room and board credit under the parties' revised stipulation (146 AD3d 595, 596 [1st Dept 2017]). Subsequently, the matter was referred by Supreme Court to a referee to hear and report on the father's qualified deductions. The court confirmed only that portion of the Referee's report crediting the father for room expenses paid on the child's behalf while he was at college for the 2016-2017 and 2017-2018 academic years.
We find that the Referee's recommendation to credit the father for room expenses he paid on the child's behalf for the 2016-2017 and 2017-2018 academic years was supported by the testimony of the father and the child that the child lived in off-campus housing during that period, paying rent to various individuals, as corroborated by certified bank records showing checks made payable to these individuals. Accordingly, the court properly confirmed that portion of the Referee's report (see Baker v Kohler, 28 AD3d 375, 375-376 [1st Dept 2006]). Contrary to the mother's contention, under the terms of the parties' financial agreement, the father was not required to produce an executed lease or college billing statement to receive a credit, and a court cannot "write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction" (Cleva v Cleva, 139 AD3d 785 [2d Dept 2016]).
To the extent that room and board credits deducted by the father might negate direct child support to the mother once both children are in college, we see no apparent violation of public policy that would justify setting aside the parties' financial agreement since the children would still be benefitting from the father's support (compare Keller-Goldman v Goldman, 149 AD3d 422, 424 [1st Dept 2017], affd 31 NY3d 1123 [2018]).
We have considered the mother's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022