Rosenblatt v Rosenblatt (2025 NY Slip Op 07233)

Rosenblatt v Rosenblatt

2025 NY Slip Op 07233

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Kennedy, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rodriguez, Michael, Hagler, JJ. 

Index No. 320348/20|Appeal No. 5452|Case No. 2025-02451|

[*1]Helena Rosenblatt, Plaintiff-Respondent,
vMarvin Rosenblatt, Defendant-Appellant.

Green Kaminer Min Rockmore LLP, New York (Michael Banuchis of counsel), for appellant.
Moses Richards & Notaro, LLP, New York (Robert H. Moses and Mary G. Notaro of counsel), for respondent.

Order, Supreme Court, New York County (Linda M. Capitti, J.), entered on or about March 21, 2025, which granted plaintiff's motion to enforce a stipulation of settlement and directed defendant to pay plaintiff 108,682.02 in Swiss Francs, appointed plaintiff as the receiver to sell the parties' New York City apartment, and awarded plaintiff attorneys' fees in the amount of $35,000, unanimously reversed, on the law, without costs, the receiver appointment and counsel fee award vacated without prejudice, and all proceedings on the motion stayed pending conclusion of mediation.
A matrimonial settlement is a contract subject to the principles of contract interpretation (see Rainbow v Swisher, 72 NY2d 106, 109 [1988]; Meshel v Meshel, 146 AD3d 595, 596 [1st Dept 2017]). The parties' matrimonial settlement agreement, which was incorporated but not merged into the judgment of divorce, contained an unambiguous mediation clause requiring the parties to resolve their disputes through mediation. Given the factual disputes between the parties, the motion court should have directed the parties to attend mediation and held further proceedings in abeyance pending completion of mediation (see Smith v Smith, 178 AD3d 980, 981 [2d Dept 2019]; see also Matter of Eighty-Eight Bleecker Co., LLC v 88 Bleecker St. Owners, Inc., 18 AD3d 235 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025